SCHERER, AN INFANT, ETC., v. WOOD.

*Negligence—Exercise of care by infant—Question of law for court or of fact for jury, when—Ordinary care by children, defined.*

1. When a child is of such tender years that its inability to exercise care for its safety admits of no doubt, the court will decide that question as a matter of law; but if there is any doubt as to the child being of an age and capacity that will enable it to exercise care for its safety, that question should be submitted to the jury.

2. Although children are required to exercise ordinary care for their own safety, ordinary care as applied to them is that care which children of the same age, education, and experience are accustomed to exercise under similar circumstances.

(Decided March 10, 1924.)

ERROR: Court of Appeals for Lucas county.

*Mr. J. M. Divan* and *Mr. Frank VanLill,* for plaintiff in error.
*Mr. W. S. Thurstin,* for defendant in error.

CHITTENDEN, J. The plaintiff, Martin E. Scherer, brought an action in the common pleas court to recover damages because of injuries sustained by being struck by an automobile owned and driven by the defendant. South street, in the city of Toledo, is a street running in an easterly and westerly direction. The defendant was driving easterly upon that street in May, 1922, in a Ford touring automobile, at a rate of speed said to be about

_____
[1] Negligence, 29 Cyc. pp. 537, 642; [2] Id., pp. 535, 537.

four miles per hour, as slowly as the automobile could be driven. The plaintiff, who was a little more than six years of age, with two other small boys, ran from the north side of South street, and the plaintiff was struck by the automobile of the defendant. Cars were parked on both sides of South street at the place where the accident occurred.

The plaintiff alleges that the defendant was negligent in failing to stop the automobile before striking the plaintiff, after he saw the plaintiff upon the street. It is also claimed that the brakes on the car of the defendant were not in proper working order. The defendant admits that the car driven by him struck the plaintiff, knocking him to the ground and causing some injury, but he asserts that the brakes on his automobile were in good working order, that he was not negligent, and was without any fault whatever in causing the injury to the plaintiff. He alleges that while driving with all due care upon the street, the plaintiff, without warning, darted from between two parked automobiles and ran directly in front of the automobile of the defendant, and that the accident was caused solely by this action of the plaintiff.

It appears from the evidence that one of the three boys passed in front of the automobile, and that the other boy stopped and attempted to intercept the plaintiff, who dodged by him and ran in front of the automobile. The defendant states that if he had changed the course of his automobile in either direction he would have struck one of the other two boys. The trial resulted in a verdict and judgment in favor of the defendant.

Plaintiff in error seeks a reversal of this judgment on the ground that the verdict and judgment are contrary to the weight of the evidence, and that the court erred in the charge to the jury. Plaintiff in error claims that the court erred in charging the jury upon the subject of contributory negligence. It is contended that the court should not have charged upon this subject at all unless it was to tell the jury that as a matter of law a child of the age of the plaintiff could not be guilty of contributory negligence.

Counsel for plaintiff in error rely largely upon the case of *Lake Erie & Western Rd. Co.* v. *Mackey,* 53 Ohio St., 370. The argument is based upon certain language in the opinion, prepared by Judge Spear, to be found on page 383. After quoting from Bishop on Criminal Law, wherein it is stated that a child under seven years of age is conclusively presumed incapable of crime, Judge Spear says: "It would seem that the principle should have application to a case of negligence." Judge Spear then proceeds to quote from Prof. Thompson's work on negligence, as follows:

"Two questions arise: 1. At what age or period of a child's development shall it be held to be *sui juris* for the purpose of cases of this kind. 2. Whether this is a question of law or a question of fact. When the age of the child admits of no doubt as to its capacity to avoid danger, the court will decide this question as a matter of law. * * * If there is any doubt as to the child being of the age and capacity that in law constitutes one *sui juris,* it should be submitted to the jury to say by their verdict whether he is so or not."

In the above cited case, the sufficiency of the petition was being considered. It was being urged that by reason of certain statements in the petition negligence was to be imputed to the plaintiff, who in that case was a child of about nine years of age. This court held that the petition was sufficient and that no imputation of negligence as a matter of law arose from the facts pleaded.

Counsel for plaintiff in error in the case at bar also cite two decisions of this Court of Appeals: *The Maumee Valley Rys. & Light Co.* v. *Hannaway,* 7 Ohio App., 99, and *Miller* v. *Boothe,* decided by this court in Erie county, April 3, 1923, unreported. In both of these cases the question presented was that of the care required of the operators of the vehicles that had caused the accidents. In the case of *Railways* v. *Hanaway,* this court held: "With a child of very tender years there is no inference that it will either run in front of a car or away from it, and a motorman should operate his car with knowledge that a child of that age may do either, and it is his duty to use ordinary care to avoid injuring it." In that case the child was under three years of age, and in the case of *Miller* v. *Boothe,* the child was also about three years of age.

There may be a time, as stated by Professor Thompson, when the age of the child admits of no doubt as to its capacity to avoid danger, and in such case the court will decide the question as a matter of law, but if there is any doubt as to the child being of age and capacity to exercise care, in some degree, the question should be submitted to the jury to say by their verdict whether he is so or not.

We think that the Supreme Court of Ohio has adopted this rule. In *Rolling Mill Co.* v. *Corrigan*, 46 Ohio St., 283, the Supreme Court announced the rule that in the application of the doctrine of contributory negligence to children their conduct should not be judged by the same rule which governs that of adults; that while it is their duty to exercise ordinary care to avoid injuries, ordinary care for them is that degree of care which children of the same age, of ordinary care and prudence, are accustomed to exercise under similar circumstances. In discussing the question, Judge Williams, for the court, says, at page 288, that the decisions are conflicting:

"Each of three different rules on the subject, has found judicial sanction. One rule requires of children the same standard of care, judgment and discrimination, in anticipating and avoiding injury, as adults are bound to exercise. Another wholly exempts small children from the doctrine of contributory negligence. Between these extremes, a third, and more reasonable rule, has grown into favor, and is now supported by the great weight of authority, which is, that a child is held to no greater care, than is usually possessed by children of the same age."

In *C., C., C. & St. L. Ry. Co.* v. *Grambo, Sr.*, 103 Ohio St., 471, it was held:

"Children are not chargeable with the same care as persons of mature years. Although children are required to exercise ordinary care to avoid the injuries of which they complain, such care, as applied to them, is that degree of care which children of the same age, education and experience, of

ordinary care and prudence, are accustomed to exercise under similar circumstances.''

In the *Grambo case* the court cites with approval *Rolling Mill* v. *Corrigan* and also *Lake Erie & Western Rd. Co.* v. *Mackey.* The Supreme Court does not seem to consider these two cases as being in conflict.

The Circuit Court in this district, in the case of *Ludtke* v. *L. S. & M. S. Ry. Co.,* 14 C. D., 120, held that the question whether a child of six years is capable of a negligent act is for the jury.

The subject was considered by the Superior Court of Cincinnati in *Cincinnati Traction Co.* v. *Moeller, Admx.,* 17 Ohio Dec., 22. In the opinion prepared by Judge Hoffheimer the authorities are exhaustively reviewed.

In the case here under review the trial judge charged the jury as follows:

''It is admitted here, and undisputed, that the plaintiff was a boy of immature years; and while he was required by law to exercise care and caution for his own protection, the law does not exact from an infant or from a child of that age the same degree of care that it would from an adult. The boy was, however, required to exercise such care and caution under the circumstances as are ordinarily exercised by boys of similar ages, under the same or similar circumstances.''

We think this instruction accords with the rule as determined by the decisions in this state.

We think it is proper to observe that the rule as thus announced would not in this case result in any harm to the plaintiff, as eight of the jurors were women, who are believed to be especially ob-

servant of the care and caution that would ordinarily be used by children of that age.

We are unable to say that the verdict and judgment are manifestly contrary to the weight of the evidence.

What has been said is sufficient to dispose of the case, but we call attention to the fact that there were two distinct issues presented in the trial of the case: First, the negligence of the defendant; and, second, the contributory negligence of the plaintiff. The verdict was a general verdict in favor of the defendant, which is the equivalent of finding in favor of the defendant on both issues.

There being no error in the submission of the issue of negligence to the jury, the case would require an affirmance under the rule announced in *Jones* v. *Erie Rd. Co.,* 106 Ohio St., 408.

*Judgment affirmed.*

KINKADE and RICHARDS, JJ., concur.