MACHATERRE, A MINOR, *v.* DUSHA ET AL.

(Decided December 19, 1927.)

*Mr. James Harrington Boyd,* for plaintiff in error.

*Messrs. Doyle & Lewis* and *Messrs. Fraser, Hiett, Wall & Effler,* for defendants in error.

WILLIAMS, J.   The evidence in this case discloses that the plaintiff, Thomas Machaterre, was a minor about seven years of age, and was struck by a trailer of the defendant, which was attached to, and being drawn by, defendant's motor truck.   The claim of the plaintiff below was that he was standing on the curb, and that the trailer swung over the curb and hit him.   The claim of the defendant below was that the plaintiff ran into the street and into the moving trailer, and thereby sustained his injury.   Each of these claims was supported by evidence.   Upon trial in the Common Pleas Court, the jury returned a verdict for the defendant, on which judgment was entered.   To this judgment the plaintiff below, as plaintiff in error here, prosecutes this proceeding in error.

The only question which merits discussion is the claim that Mr. Fraser, one of the attorneys for the defendant below, was guilty of misconduct in his argument to the jury.   This claim is based upon the portion of the record which reads as follows:

"After counsel for plaintiff concluded his opening argument, and during the argument of counsel for defendant, the court reporter was called into the court room, and the following transpired:

"Mr. Boyd:   Let the record show that Mr. Harold Fraser, counsel for defendants, in his argument

to the jury, stated in substance that the witness Donnelly expected or was promised part of the $55.000.00 damages prayed for in the petition in the two suits—Thomas Machaterre, by his father, for damages; and his father's suit for hospital, medical and surgical bills and loss of services; and that the testimony of the witnesses Thomas Machaterre, Harriet Machaterre, F. J. Donnelly and Florence Hampton as to where Thomas Machaterre was standing at the time he was struck by the trailer of the Dusha truck was the result of coaching of said witnesses—the natural inference being that the parents of Thomas Machaterre, and counsel for the plaintiff, had coached them to swear falsely.

"To which statements of counsel for defendants to the jury, the plaintiff's counsel duly excepted, assigning said statements as misconduct of counsel.

"Thereupon the official reporter was called into the court room and Mr. Fraser, counsel for defendants, continued his argument as follows:

"Mr. Fraser: I say this statement by Mr. Donnelly (Exhibit 7) was undoubtedly signed by Mr. Donnelly in his home and as Mr. Lemmon testified. I will read this to you. (Mr. Fraser reads from testimony of Mr. Donnelly.)

"Now, can there be any question that he signed this statement? Yet in the face of that Mr. Boyd put in that last sample signature yesterday in connection with the statement. He still questioned this signature on Exhibit 7. Now I say therefore the charge is lodged in your mind—it is lodged in your mind and again submitted to you this morning by Mr. Boyd as to whether or not Donnelly signed this paper Exhibit 7. I tried to get Mr. Boyd to state

his position on that this morning, and of course he hasn't the courage to stand by his conviction, but says by innuendo it is a question for the jury without clearly saying or claiming it is a forgery. He says: 'No, I can't claim that but it is a question for the jury.' He said that to you. (To which further argument of counsel for defendants above set forth, the plaintiff by his counsel then and there duly excepted.)

"Mr. Boyd: I want him to make the statement he made before the stenographer was called.

"Mr. Fraser: I will probably say plenty before I get through. I say that a man who will make that charge or that insinuation against Charley Lemmon who came here before you yesterday and who you saw—now the judge of the Municipal Court —a man who will make that accusation against him on the evidence as it is here is hardly worthy of appearing as a member of the bar of this county.

"Mr. Boyd: I didn't charge him with forgery. I except to counsel's statement.

"Mr. Fraser (continuing): Then if you don't charge him with forgery how did the Donnelly signature get on this paper that everybody says Charley Lemmon wrote? Who in God's name would put it there if it wasn't Donnelly or Lemmon? A crazy, an asinine position you take. So it is one thing or the other. You admit Donnelly signed it or you claim Lemmon signed it, one or the other. Stand by your guns! Even if you don't know anything about this law suit, have a little courage about your convictions.

"I say I resent that sort of charge. I know Charley Lemmon, and every member of the Toledo

bar respects him except Mr. Boyd; and it is an outrage in face of the statement of the witness himself that he signed it to have Mr. Boyd take this cowardly sort of a way and still submit to the jury the question of whether Lemmon didn't forge that signature.

"There is nothing in this law suit. He hasn't any sort of claim here that is entitled to recognition by a court or jury. It is made up out of whole cloth and wholesale perjury. And that I wouldn't care anything about, but I do resent this charge against Charley Lemmon, this innuendo and insinuation that he must have forged Donnelly's signature to that statement.

"To which argument of counsel for defendant the plaintiff by his counsel then and there duly excepted."

The statement made for the record by counsel for plaintiff immediately after the court reporter was first called into the room was not denied by counsel for defendant, nor did the trial judge indicate that what was said by plaintiff's counsel could not be made a part of the record. As appears from such statement, defendant's counsel asserted that the witness Donnelly expected or was to receive pay for his testimony, and that the natural inference was that the parents of the injured-boy and counsel for plaintiff himself had coached this witness to swear falsely. Defendant's counsel thereupon charged plaintiff's counsel with cowardice and with asserting by innuendo what he dared not assert in fact, in that he claimed that plaintiff's counsel indirectly charged the witness Charles Lemmon, now judge of the Municipal Court of Toledo, with for-

gery. Defendant's counsel further charged that the act of plaintiff's counsel in making the accusation against Judge Lemmon was hardly worthy of a member of the bar. In the midst of the argument, plaintiff's counsel disclaimed that he had charged Judge Lemmon with forgery, and, notwithstanding the disclaimer, defendant's counsel continued his argument along the same line, referring to the position of plaintiff's counsel as "crazy" and "asinine," and his conduct as an outrage, and wound up by stating that there was nothing in the lawsuit, that it was not entitled to recognition by a court or jury, and that plaintiff's case was made up of whole cloth and wholesale perjury.

The counsel for defendant who made these statements is a member of the bar of this county of long and wide experience, covering many years. He said he would probably say a plenty, and he did. By the language he used he charged counsel for plaintiff with conduct unprofessional, if not criminal, and for the charges there was no foundation in the evidence. It would seem that regard for truth should have dictated a different course. It is the duty of an attorney, as an officer of the court, to aid in the administration of justice, a fact undoubtedly well known to defendant's counsel, and yet the record discloses, not only in the part quoted therefrom, but throughout the length of its pages, that the trial was surrounded by an atmosphere which made a fair and impartial verdict impossible. It is well settled in Ohio that such conduct on the part of counsel constitutes error prejudicial to the plaintiff in error. *Hayes* v. *Smith*, 62 Ohio St., 161, 186, 56 N. E., 879; *Erie Ry. Co.* v. *McCormick*,

*Admx.,* 69 Ohio St., 45, 56, 68 N. E., 571; *Miller* v. *State,* 73 Ohio St., 195, 205, 76 N. E., 823.

It is the imperative duty of a trial judge to promptly check argument of a prejudicial character which amounts to misconduct of counsel, and this duty may often arise where there is no objection or exception by opposing counsel. It was especially the duty of the trial judge to interfere in the instant case, as the objectionable matter was excepted to by plaintiff's counsel. It may be that there were admonitions of the trial judge, previous to the calling in of the stenographer, which went unheeded But, even if admonition failed, this county has the "full complement of county buildings," and it was the duty of the trial judge, as it is always his duty, to take the most drastic action, if necessary, to stop such improper practice.

Defendant's counsel was guilty of such misconduct as amounted to error prejudicial to the plaintiff, and for that reason the judgment of the court below will be reversed, and the cause remanded for a new trial.

We have examined all the errors assigned, and find that, except as above stated, there is none prejudicial to the rights of the plaintiff in error.

*Judgment reversed and cause remanded.*

RICHARDS and LLOYD, JJ., concur.