## McKINNON v PETTIBONE

Ohio Appeals, 4th Dist, Pickaway Co

Decided February 13, 1932

Messrs. Barton Walters and C. A. Weldon, Circleville, for plaintiff in error.

Williams, Sinks & Williams, Columbus, and C. H. May, Circleville, for defendant in error.

MAUCK, PJ.

In **Toledo, C & O R R Co v Miller, 108 Oh St 388,** the Supreme Court refuses to reverse a judgment in which this sort of erroneous instruction had been given for reasons that appear in the opinion, but it expressed its disapproval of the instruction. We have not the pleadings or record before us, but assuming that the plaintiff was entitled to any charge on the "last clear chance" such charge should have been limited to the liability of the defendant as to what he knew and not what he ought to have known.

3. This court, and so far as we know no court, has any disposition to disqualify the principle of **Schell v Dubois, 94 Oh St 93,** to the effect that the violation of the penal statute constitutes negligence **per se. The** Schell case involved a question of speed. At that time the statute penalized one operating an automobile at a rate in excess of that fixed by statute. There is no such statute now. **Sec 12603 GC** makes the substantive offense thereunder the operation of an automobile at a speed greater than is reasonable and proper under the immediate conditions. As a matter of evidence certain rates of speed are fixed as making a **prima facie** case of unlawfully operating a machine at an unreasonable and improper speed. Whether the statute is violated depends upon whether or not the speed is unreasonable and improper. No particular rate of speed is conclusive of a violation of the statute, and no rate of speed is therefore an act of negligence **per se.** A speed greater than that fixed in the statute may

under the conditions be reasonable and proper, and a rate of speed less than that fixed in the statute may under the circumstances be unreasonable and improper **Wales v Vanderhoff, 15 Oh Ap 219; State v Blair, 24 Oh Ap 413; Schneider v Sesonstein, 121 Oh St 60; Eshner v Lakewood, 121 Oh St 106.** We are authorized to add that Judge Sherick and his associates disavow the tenth paragraph of the syllabus in **Bailey v Barker, 34 Oh Ap 208,** and add that so much of the opinion as seems to support that paragraph is **obiter** and that the judgment in that case does not conflict with the judgment at which we have arrived in this case. The judgment ordered in this case is, however, in apparent conflict in this particular with that of the Court of Appeals of the first district in **Crane v Works, 19 Oh Ap 349.** The defendant in error may, if he desires, prepare a certificate of conflict with that case to be entered with the judgment of reversal heretofore ordered in this case.

We adhere to our former order of reversal.

MIDDLETON and BLOSSER, JJ, concur.