## MORR v MERKLE

Ohio Appeals, 6th Dist, Eric Co

No 391.   Decided Sept 30, 1932

King, Flynn & Froman, Sandusky, for plaintiff in error.

Murray & Murray, Sandusky, for defendant in error.

WILLIAMS, J.

In this proceeding in error a reversal of the judgment is sought upon two grounds: First, that the judgment is not sustained by the evidence, and, second, that there was error in the charge of the court.

This court is of the opinion that the first ground is not well founded, and may be dismissed without further comment.

The court charged the jury as follows:

"Now as further applicable to this case I also direct the jury's attention to §12603-1 GC, the pertinent portion of which reads as follows:

'Whoever operates a motor vehicle on the public roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways, shall be deemed,' etc.

If at the time and place in question, you find by a preponderance of the evidence in this case, the defendant in the operation of his automobile, violated that statute, such violation would in and of itself, be negligence. And again, to apply it to the claim made by the defendant against plaintiff, as to contributory negligence, I further say to you, if by a preponderance of the evidence, you find that the plaintiff so operated his automobile, that is to say, so as to violate this statute, then that would be negligence in and of itself, and upon the part of the plaintiff."

In substance this charge states that a violation of §12603-1, GC, constitutes negligence per se. The doctrine of negligence per se was laid down by the Supreme Court in Schell v DuBois, 94 Oh St, 93, without any limitations or qualifications, but in the cases of Heidle v Baldwin, 118 Oh St, 375 and Jones v Harman, 122 Oh St 422, it is made plain that where the duty imposed by the statute is not a specific requirement to do or omit to do a definite act, but rather a rule of conduct, the rule of negligence per se is not applicable thereto. It is true that in the two cases last cited the language of the court was used in connection with the right of way statute, but in our judgment the principle would be one of general application.

It has been held that under §12603, GC, as in force prior to July 21, 1929, the duty of the driver of a motor vehicle is to exercise ordinary care as to speed. State v Schaeffer, 96 Oh St, 215. §12603-1, GC, should be construed similarly, and one who operates a motor vehicle is not guilty of violating §12603-1 GC unless he operates such motor vehicle without "due regard for safety and rights of pedestrians and drivers and occupants of other vehicles, or in other words, the operator of a motor vehicle only violates the section when he fails to exercise ordinary care. The use of the words "and so as to endanger the limb or property of any persons while in the lawful use of the roads or highways" does not require a different construction.

The court also charged the jury that a violation of §12603, GC would constitute negligence in and of itself. This section was changed by amendment, effective July 21, 1929, so as to include the words:

"and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The court was right in so charging as to the violation of that part of the section last quoted. That part of the section imposes a specific requirement to omit to do

a definite act, while the other part thereof which refers to speed relates to a rule of conduct. The amendment referred to was made after the occurrence involved in the case of **Heidle v Baldwin, 118 Oh St, 375.**

It is not strictly accurate to state that a violation of this section, which forbids a speed that is greater than is reasonable and proper, constitutes negligence per se. However, as the court in its subsequent charge stated the law relating thereto with such accuracy and clearness, we hesitate to say that prejudice resulted.

For the prejudicial error as above stated the judgment will be reversed and the cause remanded for a new trial.

RICHARDS, J, concurs.
LLOYD, J, not participating.