## LAZZARA *v.* HART.

(Decided April 17, 1933.)

*Messrs. Rheinfrank & Lindecker* and *Messrs. King, Flynn & Frohman,* for plaintiff in error.

*Mr. Peter Catri* and *Mr. Walter S. Ross,* for defendant in error.

LLOYD, J. At about 6:30 o'clock, p. m., of May 25,

1930, the defendant in error, Victor L. Hart, was driving his 1924 Chevrolet coupe in a southerly direction on Camp street in Sandusky, Ohio, and when he approached the intersection of this street with Fillmore street he stopped on the west side of Camp street, opposite the intersection, intending, he says, to turn from the left from Camp street into Fillmore street, and he testified that he put out his hand to signify his purpose so to do. Two automobiles were following him. One of these, a Buick sedan owned by her husband, in which plaintiff in error, Frances Lazzara was riding, and being then operated by one Anthony Maschari, who it was claimed was her agent in the operation thereof, collided with the Chevrolet automobile of defendant in error, as a result of which the defendant in error received certain personal injuries, for which, in an action brought by him in the court of common pleas, he sought to recover of plaintiff in error by way of damages the sum of $25,000.

Plaintiff in error, denying the claims of defendant in error, sought by cross-petition to recover of defendant in error the sum of $25,000 for personal injuries claimed to have been sustained by her through the alleged negligence of the defendant in error. The trial in the court of common pleas resulted in a verdict of $4,000 in favor of the defendant in error, for which sum a judgment was entered upon the verdict. Plaintiff in error, prosecuting error to this court, alleges several grounds of error in the petition in error, among others that the trial judge erred in his charge to the jury, in that, after reading to the jury Sections 12603 and 12603-1, General Code, regulating the speed of automobiles upon public highways of the state, he said:

"If by a preponderance of the evidence, you find that the defendant, acting through her agent and servant, violated either of these statutes, then such violation would constitute negligence *per se,* which simply means 'In and of itself.'

"On the other hand, if you find that the defendant acting through her agent and servant, did not violate either of these statutes, then the defendant would not be guilty of negligence in respect to the allegation of speed made by the plaintiff against the defendant."

Plaintiff in error further alleges that the trial judge in his charge further instructed the jury: "You are instructed to inquire as to each and all of these several claims and in connection with such inquiry, you will bear in mind the two statutes, or sections of the General Code, which the court has already read to you and that the court has instructed you that the violation of either or both of such statutes would be negligence in and of itself."

The record discloses that the evidence as to the rate of speed at which the automobile was proceeding, in which plaintiff in error was riding at and immediately prior to the collision in question, was in direct conflict, and this was a vital and important issue for consideration of the jury. In our judgment, therefore, to charge the jury that a violation of these sections of the General Code "would constitute negligence *per se*" constituted prejudicial error for which, although we find no other prejudicial error in the record, the judgment of the court of common pleas must be reversed and the cause remanded to that court for a new trial.

*Morr* v. *Merkle,* 39 Court of Appeals Opinions, Sixth District, unreported, 48; *McKinnon* v. *Pettibone,* 44 Ohio App., 147, 184 N. E., 707.

The charge of the court as to the burden of proof and the preponderance of the evidence is subject to the same criticism expressed in the opinion of this court in *Hoffman* v. *Sandusky Packing Co.,* this day decided.

*Judgment reversed and cause remanded.*

RICHARDS and WILLIAMS, JJ., concur.