## BOSSERT v LOUYS

Ohio Appeals, 6th Dist, Lucas Co

No 2812. Decided Nov 27, 1933

510

Logan & Daugherty, Toledo, for plaintiff in error.

Deeds & Cole, Toledo, for defendant in error.

**OPINION**

By LLOYD, J.

The evidence we find is so in conflict that a verdict, whether for Louys or Bossert, would not be disturbed as manifestly against the weight of the evidence. None of the ordinance pleaded by Louys in his amended petition was introduced in evidence, except the portion thereof quoted therein. As to the ordinance, the court instructed the jury as follows:

"It is provided by ordinance of the City of Toledo, which the parties have admitted was in full force and effect at the time of the occurrence in question, as follows: Reckless driving within the meaning of this ordinance shall be deemed to include the following offenses 'which are hereby prohibited: (c) Driving a vehicle when it is not under control. A violation of the provisions of this ordinance to which I have called your attention is negligence per se,— that, is, in and of itself. Whether or not this ordinance was violated at the time and place in question is for you to determine from the evidence in the case."

Prohibiting the "driving of a vehicle when it is not under control" is not, as said at page 423 of the opinion in **Jones v Harmon, 122 Oh St, 420,** "a specific requirement to do or to omit to do a definite act, but rather a rule of conduct, and the rule of per se negligence is not applicable thereto." As also announcing this principle, attention is called to **McKinnon v Pettibone, 44 Oh Ap, 147, (11 Abs 721; 12 Abs 668),** Ohio State Bar Reports, March 27, 1933, and cases cited therein; **Lazzara v Hart, 45 Oh Ap 368, (14 Abs 541),** and **Morr v Merkle, 13 Abs 42, 39 Court of Appeals Opinions, Sixth District, unreported, p. 48.** The ordinance pleaded in the amended petition is not attached to the bill of exceptions as an exhibit and the record fails to disclose that it imposes any penalty for its violation. For this reason also, a violation thereof would not be negligence per se.

Hence the trial judge erred to the prejudice of plaintiff in error in giving to the jury the instruction above quoted. The judgment is therefore reversed and the cause remanded for further proceedings according to law.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.