### SOUDER v HASSENFELDT, Admrx

Ohio Appeals, 6th Dist, Lucas Co

No 2855.   Decided Feb 5, 1934

Smith, Baker, Effler & Eastman, Toledo, for plaintiff in error.

Rheinfrank & Lindecker, Toledo, for defendant in error.

**OPINION**

By WILLIAMS, J.

There was testimony in the record tending to prove that the defendant was driving her automobile at a speed of between 25 and 30 miles an hour. The trial judge instructed the jury, as he was warranted in doing on the uncontroverted evidence, that the section of the city where the accident happened was a closely built-up section within the meaning of §12603, GC, in accordance with the rule laid down in **Konte v Community Traction Co., 35 Oh Ap, 361, 122 Oh St, 514.** In such a section of the city, under this statute, it was at the time of the accident prima facie unlawful for the defendant to exceed a speed of 20 miles per hour. The evidence relating to this matter alone would prevent the trial court from directing a verdict on the ground that there was no evidence to show the defendant was guilty of negligence.

As to whether the plaintiff was guilty of contributory negligence as a matter of law, we have an interesting inquiry. Jefferson Avenue runs approximately east and west

and Tenth Street north and south, crossing substantially at right angles. No traffic lights existed at this intersection. There is evidence tending to show that the decedent stepped into Jefferson Avenue some feet west of Tenth Street. The automobile driven by the defendant was going along Jefferson Avenue in a westerly direction and the decedent was hit in the head by the handle of the right front door of the car with such force that the handle was knocked off. There is some competent evidence tending to show that his hands touched the top of the right front fender before he was struck. There is also evidence tending to show that he came out suddenly right toward the car and plunged right into it. At first blush it would seem as though the case was one within the purview of the doctrine announced in **Michalec, Admr. v Hutchinson, 123 Oh St, 494.** There are additional facts in the instant case, however, which in our judgment distinguish it from the case cited. There is evidence tending to prove that the decedent was at the crosswalk at the time he was struck. According to some of the evidence, the body of the decedent lay 6 or 8 feet west of Tenth Street at the time it was picked up after the accident. This would be about the distance that the automobile would knock it, if he were hit at the crossing. We can not, therefore, assume that he was not at the crossing at the time he was struck. Where he was, was a question for the determination of the jury under the disputed facts. The argument of counsel for plaintiff in error to sustain the contention under scrutiny is that the decedent not only negligently plunged forward into the side of the automobile but that he stepped into the street without looking to his left, in violation of §6310-36, GC, and by that act was guilty of negligence as a matter of law.

There is another element, however, that enters into the inquiry. There is evidence tending to show that a truck going south on Tenth Street turned around the northwest corner of the intersection onto Jefferson Avenue. An examination of the evidence makes it difficult to tell how far the truck had advanced at the time the decedent stepped onto the pavement to cross the street, and it is inferable from some of the evidence that if he had looked to the left he would not have seen the truck for the reason that it had not yet come around the corner and that by merely stepping into the street he would not be put into a place of danger with reference to the defendant's automobile. Therefore, there would arise a question of fact as to whether

negligence in violating the statute by not looking to his left directly contributed to his death. It is also inferable from some of the evidence that the danger of being hit by this truck arose after he got into the street and that he also could not see the automobile as the truck came around the corner on account of the truck, and that he plunged forward to get out of the way of the truck and thus came into violent contact with the defendant's automobile. With this conflict of evidence in the record, our best judgment is that the question of contributory negligence was one of fact for the jury.

The court below did not err in refusing to direct a verdict for the defendant and we would not be warranted in entering final judgment for plaintiff in error in this court.

The verdict was a large one, and we are satisfied that it is manifestly against the weight of the evidence as to amount.

There is also other reversible error in the record, which we will set forth as briefly as possible.

The plaintiff in the case below testified that her husband was earning $1200.00 per year. She had not actual knowledge as to his earnings. It was perfectly proper for her to relate on the witness stand all the facts within her own knowledge regarding such earnings, including the amount given to her therefrom, but she should not have been permitted to testify as to the amount he earned in so far as it was based upon hearsay or opinion. This evidence should have been excluded and its reception was reversible error.

The court gave to the jury plaintiff's written request No. 3, which reads as follows:

"The court instructs the jury that §12603 GC provides in part as follows:

'No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.'

If you find from the evidence that the defendant violated said law, by reason of the manner in which she operated her motor vehicle as she approached Louis Hassenfeldt, the deceased, then such violation constitutes negligence per se, which means 'negligence in and of itself'."

This court has had before it the construction of this statute in **Morr v Merkle, (13 Abs 42) 39 Court of Appeals Opinions, Sixth District, unreported, p. 49; Lazzaro v Hart, 45 Oh Ap, 368, (14 Abs 541)**; and **Skinner v Railroad, 39 Court of Appeals Opinions, Sixth District, unreported, p. 62.** This last case went to the Supreme Court and is reported. **Skinner v Pennsylvania R. R. Co., 127 Oh St, 69.** We have no difficulty in interpreting the decision of the Supreme Court in the Skinner case when we read the syllabus in connection with the facts, but upon reading the opinion we find statements indicating that a violation of the part of the section which makes it unlawful to drive a motor vehicle at a speed greater than is reasonable and proper constitutes negligence per se. In our judgment the court did not intend to go so far, assuming we have correctly interpreted the opinion, especially in view of the fact that **State v Schaffer, 96 Oh St, 215,** is cited with apparent approval and obviously declares a different rule. We shall therefore announce our views regarding the proper construction of §12603, GC.

In our judgment the part which forbids a speed greater than is reasonable or proper, merely imposes the obligation of exercising ordinary care as to speed. Otherwise, as applied to this case, no effect could be given to the part of the section which makes it prima facie unlawful to exceed a speed of twenty miles per hour in the business or closely built-up portions of a municipality. Moreover, as indicated above, State v Schaffer, supra, merely construes reasonable or proper speed as that speed which would be permitted in the exercise of ordinary care. But it may be said immediately by some that the part of the section that requires that speed be such that the driver can stop within the assured clear distance ahead relates to speed also. This observation is true, but many cases arise to mind in which one might be guilty of negligence in driving at an excessive speed where there would be no evidence tending to show that the circumstances were such that the portion of the statutes which requires one to drive at a speed so that he can stop within the assured clear distance ahead would have application. For instance, that portion of the statute would seem to have no application where one who has the right of way drives across an intersection and one who does not have the right of way approaching on a side street runs suddenly and unexpectedly in front of the former, when it was the duty of the latter to yield the right of way. Another

instance which occurs to us is where two automobiles about to pass each other, going in opposite directions upon the highway, collide. The driver of each car has a right to assume, until the contrary appears, that the driver of the other car will keep to the right and that if he keeps to the right the cars will pass in safety. There is no duty resting upon either driver to slow down so that a collision would be avoided, as none is anticipated; at least this is true so long as each keeps on his own side of the highway. Another instance is where a pedestrian suddenly and unexpectedly and without any warning runs upon the street immediately ahead of or into a car. In that case there is no duty to so operate the car as to be able to stop within the assured clear distance ahead until the pedestrian gets into a place of danger. But in all such instances there is a duty resting on the driver to exercise ordinary care as to speed.

Applying these principles to the case at bar, we are of the opinion that evidence was adduced in the present case which warranted the application of the part of the section relating to stopping within the assured clear distance ahead. As we have said, there were no signals at this intersection. The driver is not obliged to slow down for every cross-walk not in use, but if the walk is perfectly clear he may go ahead at such a speed as ordinary care requires, but as soon as a pedestrian is visibly using the cross-walk, or appears to be crossing the street at any point, then the driver, if far enough from the pedestrian to do so, must not exceed a speed which will permit him to stop within the assured clear distance ahead. There is evidence tending to show that when defendant's automobile was in the center of Tenth Street at the intersection with Jefferson Avenue, that the decedent went out onto the pavement on Jefferson Avenue about 22 feet west of the cross-walk at the northwest corner of the intersection and that the automobile of defendant was going not over 15 miles per hour. Tenth Street is 42 feet wide from curb to curb. This evidence would take the case to the jury on this question, as it put defendant's automobile about 40 to 50 feet from decedent as he came into the street.

Whether the plaintiff in error was prejudiced because the court told the jury that a violation of that portion of the section which requires that a reasonable or proper speed shall not be exceeded constituted negligence per se, is the next matter of inquiry. A similar charge was a matter of discussion in Morr v Merkle, supra. If the court

fully made it plain somewhere in the charge that this part of the section only imposed a duty of ordinary care, a reviewing court might reach the conclusion that erroneously charging that it would constitute negligence per se would not be prejudicial, as an expression of that character has little meaning to the layman on a jury. As will appear later from our discussion of the charge, we think that the vice was not cured and that in this instance the giving of the request did constitute prejudicial error.

It is contended that the court erred in its charge to the jury in that the court failed to state the issues and that the charge is in the abstract and not in the concrete. The charge is very long and consists largely in the statement of abstract principles. The pleadings were read to the jury almost in their entirety, and there is no clear, definite and precise statement of the issues, and the jury in the main is left the task of determining them from the pleadings. A charge should definitely, clearly and distinctly define the issues to the jury, and a mere reading of the pleadings is not sufficient. **Railroad v Lockwood, 72 Oh St, 586.**

While many charges have abstract statements of law in them, yet a charge should be in the concrete. **Parmlee v Adolf, 23 Oh St, 10, and Used Car Exchange v Kimberlee, 120 Oh St, 400, 405.** We do not mean that it is erroneous to make some abstract legal statements, and in many instances it is necessary to do so in order to make the concrete statements clear and definite. But the trial court should ever endeavor to state the law in the concrete and not in the abstract, and the rule may be violated to such an extent that the charge "lacks color." In our judgment, the charge of the court violated both of these rules, and was erroneous to the prejudice of plaintiff in error. A charge which clearly and definitely states the law applicable to the case in as few words as possible is not only easier for the jury to understand, but affords less chance for the trial judge to fall into error.

In the course of the charge the court read to the jury §6310-36, GC, and then told them that the decedent had the duty to exercise ordinary care with respect to looking before leaving the curb. The court should have told the jury concretely that a violation of this section would constitute negligence per se. This action of the court constituted prejudicial error.

As to the charge upon the subject of damages, what was said by this court in **New York Central Railroad Co. v Reilly, 40 Court of Appeals Opinions, Sixth District, unreported, p. 196,** might well be repeated

here for the charges, upon this subject, are in many respects the same.

There are other portions of the charge which are erroneous but not prejudicial to the defendant, as they are more favorable than she had a right to expect. There are also some portions of the charge which we have not quoted or specifically referred to which violate rules laid down in this opinion. But these matters may easily be taken care of on retrial.

Misconduct of counsel for plaintiff is complained of. We find the record interlarded with objectionable comment by counsel for plaintiff, especially where counsel endeavored to impeach one of their own witnesses. It was the duty of the trial judge to stop such comment at once, and his failure to do so, in our judgment, constituted error prejudicial to plaintiff in error.

In the course of the argument of counsel for plaintiff, this same matter was pursued in a highly prejudicial way, and counsel for plaintiff also said, in substance, that the defendant was trying to weasel out of liability in the case and to get the jury to cheat the plaintiff out of what was due to her. There was no evidence to sustain such statements. We have already announced the views of this court upon argument of this character in the case of **Macheterre v Dusha, 30 Oh Ap, 242, (6 Abs 621)**. See also **Thatcher v Railroad Co., 33 Oh Ap 242.** The failure of the court to stop argument of this character constituted error prejudicial to plaintiff in error. The duty of the trial judge is not performed when he merely presides at the trial and looks on. It is his duty to see that the trial is conducted in such a way that justice will be done as between the parties and injustice prevented.

For the reasons given the judgment of the court below will be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.