### SCHMIDT v KINNEY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1283. Decided Feb 15, 1935

Marshall & Harlan, Dayton, for R. L. Schmidt.

John M. McCaslin, Cincinnati, and Clifford Curtner, Dayton, for Edwin H. Kinney.

## OPINION

By THE COURT

Various grounds of error are alleged in the petition in error, but counsel for defendant Schmidt in their brief filed in this court stress but a few of such grounds of error.

The grounds so relied upon are:

(1) Error of the court in its general charge of law to the jury.

(2) Error of the court in giving to the

jury special charges Nos. 3 and 10 and each of them at the request of plaintiff at the close of the evidence prior to the commencement of arguments, to each of which charges defendant excepted.

The principal grounds of error, in the general charge of the court, which are urged by counsel are found on pages 198, etc., of the bill of exceptions. The court upon page 198, among other things, instructed the jury as follows:

"You are instructed that if you find the defendant violated the provisions of §12603 GC, which I have just read to you by exceeding the speed limits provided for therein or any of the provisions of the section with regard to safety and rights of drivers and occupants of other vehicles so as to endanger the life, limb or property of the plaintiff, then any such violation of the provisions of these sections of the General Code of the state of Ohio will be negligence in itself, and if such violation in the particulars previously outlined, was the proximate cause of the injuries of which the plaintiff complains, plaintiff would be entitled to recover a verdict at your hands unless the plaintiff were himself guilty of some negligence proximately causing or contributing to his injuries.

"**The place where this accident occurred being in the country and outside of a municipal corporation, a rate of speed greater than 45 miles an hour would be prima facie evidence of a rate of speed that is greater than reasonable and proper and negligence of itself.**

"**If you find by preponderance of the evidence that the rate of speed of the defendant's automobile was greater than 45 miles per hour, that would be prima facie evidence of a rate of speed that is greater than is reasonable and proper, and unless this presumption is by other evidence in the case modified, overcome, or explained away, it will be sufficient on which to predicate a verdict for the plaintiff, provided you find that such rate of speed was the proximate cause of plaintiff's injuries and that the plaintiff was himself in the exercise of ordinary care.**"

(Black face ours).

This portion of the general charge of the court was based on §12603 GC.

We can not escape the conclusion but that the charge as given is erroneous. A reading of this section of the Code clearly shows that the operation of an automobile

at more than 45 miles an hour outside of a municipality is not negligence of itself, but is only prima facie evidence of an unlawful rate of speed.

A reading of §12603 GC discloses error in the charge as given. A charge upon this subject should include all the pertinent provisions of said section.

Various authorities are cited by counsel for Schmidt in support of their contention that the charge as given was erroneous and prejudicial to defendant.

In the case of **McKinnon v Pettibone, 44 Oh Ap, at page 147, (11 Abs 721; 12 Abs 668)** the court on page 149 of the opinion said:

"Sec 12603, GC makes the substantive offense thereunder the operation of an automobile at a speed greater than is reasonable and proper under the immediate conditions. As a matter of evidence certain rates of speed are fixed as making a prima facie case of unlawfully operating a machine at an unreasonable and improper speed. Whether the statute is violated depends upon whether or not the speed is unreasonable and improper. No particular rate of speed is conclusive of a violation of the statute, and no rate of speed is therefore an act of negligence per se. A speed greater than that fixed in the statute may under the conditions be reasonable and proper, and a rate of speed less than that fixed under the statute may under the circumstances be unreasonable and improper."

This case was taken to the Supreme Court and reviewed by such court as found in **Volume 125, page 605 Oh St,** wherein Judge Kinkade, speaking for the court, reviewed the case, and the judgment of the Court of Appeals was affirmed.

It is suggested by counsel for plaintiff that when the entire charge is read and considered that the error, if any, contained in the above quotation was cured. We can not so find.

In addition to the above we think the charge of the trial court as found in the last paragraph above quoted is erroneous. We refer to the portion of the paragraph which states that,

"If you find by a preponderance of the evidence that the rate of speed of the defendant's automobile was greater than 45 miles per hour that would be prima facie evidence of a rate of speed that is greater than is reasonable and proper **and unless this presumption is by other evidence in the case modified, overcome or explained**

away, it will be sufficient on which to predicate a verdict for the plaintiff."

Counsel will find a general discussion of the burden of proof required in meeting a prima facie case in **Vol. 17, Par. 115 of Ohio Jurisprudence.** The court charged the jury that unless the presumption was **modified, overcome or explained away** by other evidence, that it would be sufficient on which to predicate a verdict for plaintiff.

We think that the terms "modified, overcome or explained away" place too great a burden upon the defendant.

In Ohio Jurisprudence we find the following:

"The general rule, established by an almost unbroken line of authority is that, to rebut and destroy a prima facie case, the party upon whom rests the burden of repelling its effect need only produce such amount or degree of proof as will counterbalance that prima facie case, or the presumption arising therefrom; he need not overbalance or outweigh it, or overcome a prima facie case by a preponderance of the evidence. To require him to do so imposes an unwarranted burden."

Counsel for defendant also object to special charge No. 3 given before argument at the request of plaintiff. This charge is as follows:

"Members of the jury, I charge you that if you find that the defendant, R. L. Schmidt, is guilty of negligence which was either the sole cause of the collision, or directly contributed in the slightest degree to the negligence of Harris, if any, to cause the collision between the automobiles, then your verdict must be for the plaintiff."

This charge was objected to for the reason that the petition sought to recover for personal injuries sustained and it is claimed that the mere fact that there was a collision would not entitle plaintiff to a verdict; that the charge should have included a statement to the effect that plaintiff could recover if the negligence of defendant was the proximate cause of the accident, and that plaintiff was injured thereby. We concede that the special charge would have been more appropriate if it had shown that the negligence, if any, of the defendant was the proximate cause of the accident and the resultant injuries. There is no dispute, however, but that the plaintiff

sustained injuries and the answer of the defendant admits that there was a collision and that the plaintiff was injured to some extent. While the special charge is not as complete as it might be, and if the case is to be retried could be so framed as to overcome the objections made by counsel for defendant, yet we do not see how the jury could have been misled by the special charge as given.

In reference to the giving of special charge No. 10, requested by counsel for plaintiff, it is suggested that there is no charge of negligence in the petition to the effect that the defendant entered the bridge in question after the Cadillac automobile was upon the bridge and there being no charge in the petition and no evidence to such effect, that the giving of this special charge was erroneous.

We have examined the petition and while the same does not directly state that the defendant entered the bridge after the Cadillac was already upon it, nevertheless there are some such broad general averments in the petition that this fact might be inferred. The petition charges that the defendant so carelessly and negligently operated his said automobile that the same collided head on into the automobile in which the plaintiff was a passenger, said collision happening on the right or east side of the center line of said highway near **the northern end** of said bridge aforesaid; that said collision was due to the negligence and carelessness of the defendant Schmidt in that he was driving his automobile at a high, dangerous and unlawful rate of speed, having regard for the width, traffic, use of the highway, to-wit, in excess of 45 miles an hour; **that he failed to keep a proper lookout for traffic on the highway and particularly the approach of the automobile in which plaintiff was a passenger.**

In the absence of a motion to make the petition more definite and certain in the respects suggested, and in view of the very broad general averments contained therein, we would not feel warranted in holding that the giving of special instruction No. 10 was prejudicial to the defendant.

If this case is remanded and retried and counsel desire to avoid this question, an application for leave to amend the petition in the respects suggested could be made to the trial court.

It is also urged with much force that the verdict is against the manifest weight of the evidence and also that the trial court erred in the admission and rejection of evidence.

From our consideration of the record we find no prejudicial error therein in either of these respects.

We have examined all of the grounds of error urged by counsel for defendant Schmidt, but find no error therein which we consider prejudicial to the said defendant except those in the general charge of the court above referred to.

The judgment of the lower court will be reversed for errors in the general charge of the court as indicated herein, and the cause remanded for such further proceedings as may be provided by law.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.