SCHWAB, APPELLEE, *v.* KEELER, APPELLANT.

(No. 601—Decided April 21, 1947.)

*Mr. Lewis L. Marquart* and *Mr. George A. Beis,* for appellee.

*Messrs. Krueger, Rosino, Moyer & O'Hara,* for appellant.

CARPENTER, J. After dark on November 28, 1942, while traveling as a pedestrian north on the east side of Columbus avenue in the city of Sandusky, plaintiff was struck on the crosswalk of East Park street by a motor vehicle driven by the defendant northeasterly from Hayes avenue across Columbus avenue into East Park street. The intersection is a five-point one and East Park street is very nearly an extension of Hayes avenue crossing Columbus avenue diagonally in a northeasterly direction.

For the injuries plaintiff sustained, he was awarded a verdict and judgment of $10,000, from which judgment defendant's appeal on questions of law brings this case to this court.

Traffic at that intersection was controlled by a light, and each party contends that he had the green light as he entered the intersection. There was some street illumination at that corner. Defendant said that the lights on his truck were on dim and cast light a hundred feet ahead, yet neither party saw the other before the collision. He testified also that his brakes were "poor" and did not hold at times, and that his horn was "inoperative." The left front fender of the truck was dented and the left headlights bent, circumstances indicating that those spots struck the plaintiff, and that he had walked in front of the truck the width of it before he was hit.

The principal assignment of error concerns the court's charge to the jury on the subject of plaintiff's negligence. Defendant complains that the charge and the instruction given on request of the jury after it had deliberated "eliminated the issue of sole negligence of the plaintiff." This court has twice said that "sole" negligence of any one other than the defendant could not be an issue in a negligence case. It is an immaterial matter. *Leopold* v. *Williams,* 54 Ohio App., 540, 8 N. E. (2d), 476; *Hatsio* v. *Red Cab Co.,* 77 Ohio App., 301, 67 N. E. (2d), 553.

In *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St., 657, 67 N. E. (2d), 851, the Supreme Court has told us recently in paragraph four of the syllabus that "the issue of contributory negligence does not arise unless the issue of negligence on the part of the defendant is first found adverse to the defendant."

On page 667 of the opinion in that case, Judge Hart cited four cases decided by the Ohio Supreme Court, supporting the above statement and said:

"The jury must first consider whether the defendant was negligent. If it finds the defendant was not negligent there is no further issue to be considered."

If the defendant is found negligent, the jury's next consideration should be whether such negligence caused the alleged damages. If the answer is negative, the jury's work is done. *Glass* v. *William Heffron Co.,* 86 Ohio St., 70, 75, 98 N. E., 923. Unless the findings on both those issues are positive, it does not concern the defendant, the jury or the court who or what caused the damage. Contributory negligence on the part of the plaintiff and its causal connection with the damage can only claim attention after both of the above issues have been resolved against the defendant.

In connection with the charge on the subject of speed of defendant's truck, the court included "the assured clear distance ahead" provision of the speed statute. This the defendant contends was error. A similar charge was approved in *Glasco* v. *Mendelman,* 143 Ohio St., 649, 56 N. E. (2d), 210, where the pedestrian plaintiff was in the street between intersections, a situation less favorable than that of plaintiff in the instant case.

The charge of the court in all these respects and under the record herein was not erroneous.

It is contended also that the verdict and judgment were against the weight of the evidence, but that claim is not sustained.

As we find no error in the record prejudicial to the defendant, the judgment is affirmed.

*Judgment affirmed.*

STUART and CONN, JJ., concur.