The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the syllabus, opinion and judgment.

MORRIN, AN INFANT, APPELLANT, *v.* BOND, APPELLEE.

(No. 4437—Decided February 20, 1950.)

Mr. *Steven L. Markowski,* for appellant.
Messrs. *Winchester & Winchester,* for appellee.

Fess, J.  This is an appeal on questions of law from a judgment entered upon a verdict for defendant, directed by the court at the conclusion of plaintiff's case.

Plaintiff, a minor, brought his action by his father and next friend against the defendant for injuries sustained in a collision which occurred at the intersection of Angel drive and Fortune drive, outside the city of Toledo, in Washington township, Lucas county, Ohio. The streets intersect at right angles—Angel drive running north and south and Fortune drive east and west. Angel drive is a cinder road and Fortune drive is tar-bound macadam.  The streets are approximately 18 feet wide and there are no curbs or sidewalks adjacent thereto.

The accident happened about 2:00 p. m. on July 25,

1942, when the child was seven years old. Plaintiff was riding his bicycle south on Angel drive and approaching Fortune drive. He testified that he was riding on the portion of the cinder road to the left of the center and expected to make a left-hand turn into Fortune drive enroute to his home. He said also that prior to entering Fortune drive he stopped about a foot away from the drive and looked and listened but saw or heard no approaching vehicle. His view to his left was obscured by some vines. Upon entering the intersection he was struck by the automobile driven by the defendant. The child denied that he ran into the side of the automobile. Another witness testified defendant was driving 30 miles an hour and did not stop or retard his speed before entering the intersection. This witness did not see the child on the bicycle or any collision therewith but observed the automobile swerve to its left and enter the garden at the southwest corner of the intersection. Following the collision there was blue paint from the bicycle on the chrome of the automobile bumper between the headlight and the center of the car.

The boy's mother testified: "Mr. Bond (defendant) made the statement then that he didn't mean to do it. He also stated that he didn't see—he didn't know the object he had struck until after he had done it."

The boy's father testified: "He (defendant) said at the time that he didn't mean to do it and he didn't see him until he was on him and he says he didn't mean to do it."

After plaintiff rested, on motion of the defendant, the court directed the jury to return a verdict for the defendant. Neither negligence nor contributory negligence is presumed (*Bush, Admr., v. Harvey Transfer Co.*, 146 Ohio St., 657, 669, 67 N. E. [2d], 851) and a presumption of negligence does not arise from the

mere fact that a collision occurs (*Pitt, Admx.,* v. *Nichols,* 138 Ohio St., 555, 37 N. E. [2d], 379). But in the instant case the evidence at the close of plaintiff's case disclosed circumstances from which a rational conclusion may be drawn that the defendant was negligent. The boy's mother and father testified that the defendant said he did not see the child until when or after he struck him. Section 6307-20, General Code, provides that ''No person shall operate a vehicle * * * without due regard for the safety and rights of pedestrians and drivers * * * of all other vehicles, * * * and so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways.'' In Section 6307-2, General Code, a bicycle is classified as a vehicle. See, also, Section 6307-50, General Code. Since the boy said he was on the left-hand side of the road and intended to make a left-hand turn, it may be inferred that, although approaching from defendant's right, the child lost his preferential right of way (*Morris* v. *Bloomgren,* 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831) and could not be said to have been lawfully using the highway. But even in such event the motorist was bound to exercise ordinary care in entering and crossing the intersection. This court has recently said that one approaching or crossing an intersection in a lawful manner is relegated to the duty of exercising ordinary care with respect to one unlawfully within the line of travel. *Erdman* v. *Mestrovitch* (Court of Appeals for the Sixth Appellate District), unreported. See, also, *Souder* v. *Hassenfeldt,* 48 Ohio App., 377, 194 N. E., 47; *Schwab* v. *Keeler,* 81 Ohio App., 291, 79 N. E. (2d), 176.

Since the defendant failed to see the plaintiff before he struck him, the jury might infer that defendant was operating his vehicle without due regard to plaintiff.

A rational conclusion might also be drawn that the defendant violated the assured-clear-distance-ahead

provision. *Tresise* v. *Ashdown, Admr.*, 118 Ohio St., 307, 58 A. L. R., 1476. In order to avoid the legal imputation of negligence arising from such violation, the motorist must establish that, without his fault, compliance with the rule was rendered impossible. *Smiley* v. *Arrow Spring Bed Co.*, 138 Ohio St., 81, 87, 33 N. E. (2d), 3. No doubt, upon retrial, defendant's evidence will disclose that his assured clear distance was suddenly cut down by the sudden entrance of the boy and bicycle into his line of travel. But on the state of the evidence at the close of plaintiff's case, defendant did not see the plaintiff and did not stop within the assured clear distance ahead.

Plaintiff's evidence tended to show he was guilty of negligence, but in collisions between a motorist and a pedestrian the Supreme Court has held that the question of proximate cause is for the jury, where reasonable minds may differ. *Smith* v. *Zone Cabs, a Partnership*, 135 Ohio St., 415, 21 N. E. (2d), 336; *Glasco* v. *Mendelman*, 143 Ohio St., 649, 56 N. E. (2d), 210; *Betras, Admr.*, v. *G. M. McKelvey Co.*, 148 Ohio St., 523, 76 N. E. (2d), 280.

Although in the latter case cited the Supreme Court denied that those cases adopted the doctrine of comparative negligence, the principle is a relaxation of the rule that where reasonable minds do not differ the question is for the court and not the jury as applied to the question of proximate cause in collisions involving a motorist and a pedestrian. The principle has not been applied to other types of cases, such as railroad crossing cases, but if the question of proximate cause is one for the jury in cases involving motorists and pedestrians, there is no reason why it should not be applied to a collision between a motorist and a child riding a bicycle.

Whether plaintiff's conduct met the standard of care

required of a boy seven years old and of his intelligence and experience, and, if not, whether his failure to exercise such care contributed to the collision were issues of fact to be determined by the jury. *L. E. & W. Railroad Co.* v. *Mackey,* 53 Ohio St., 370, 41 N. E., 980; *Scherer, an Infant,* v. *Wood,* 19 Ohio App., 381; *Girard* v. *Smrek, a Minor,* 52 Ohio App., 135, 3 N. E. (2d), 60; *Mazza* v. *Greenstein,* 82 Ohio App., 145, 80 N. E. (2d), 216.

We, therefore, conclude that, upon the state of the evidence at the close of plaintiff's case, giving plaintiff the benefit of every reasonable inference arising from such evidence, reasonable minds could reach different conclusions with respect to the negligence of the defendant, the contributory negligence of the plaintiff and the proximate cause of the injury.

The judgment is, therefore, reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

Conn and Carpenter, JJ., concur.