### SCHWEDLER v INTERSTATE MOTOR FREIGHT SYSTEM

Ohio Appeals, 6th Dist, Lucas Co

Decided April 27, 1936

Fraser, Effler, Shumaker & Winn, Toledo, for appellant.

William A. Finn, Toledo, for appellee.

### OPINION

By CARPENTER, J.

In the trial court Frank C. Schwedler

446

sued for damages for personal injuries alleged to have resulted from the negligence of the defendant, the Interstate Motor Freight System. While the action was pending plaintiff died, and the cause was revived in the name of the administratrix of his estate, Theresa Schwedler.

At the trial, after plaintiff's counsel had stated her case to the jury, the court, on motion of the defendant, directed a verdict for the defendant. A motion for new trial was overruled and judgment was entered on the verdict. Plaintiff appealed.

From the opening statement of counsel for plaintiff it appears that at about 9:30 P. M., March 16, 1934, the weather was slightly foggy with a gray mist in the air, and the pavement on Woodville Road in the country east of Toledo was wet and slippery. That road is a three-lane highway paved with concrete 30 feet in width. Traffic was moving in both directions, and Mr. Schwedler was traveling east in the south lane in his Chevrolet coupe, which had two-wheel brakes.

Continuing, the material part of the statement is as follows:

"Now, shortly after he proceeded past the Lucas County line another car traveling in the same direction swung around to his left or around the left of and passed his car and cut in rather sharply in front of him. He followed this car which then proceeded immediately in front of him for a very short distance, and suddenly the car in front of him swung to the left, and Mr. Schwedler, observing momentarily, as he naturally would, this sudden movement of the other car, looked ahead and here he was right on top of a tractor, which had been stopped upon the right hand paved part of the highway with all four wheels on the pavement, by this defendant, the Interstate Motor Freight System, without any lights whatsoever. Now the evidence will show that that tractor came to a stop in the highway just a moment before, suddenly, and without warning and without lights, and that the car which had been traveling immediately in advance of Mr. Schwedler, was barely able to miss or avert a collision with it, but that Mr. Schwedler, traveling within perhaps thirty or forty feet or less of the rear of this car which preceded him, was unable to avoid colliding with the rear of this unlighted tractor which, in the emergency thus created, unexpectedly loomed up as a gray object before him. Mr. Schwedler of course did not know at the instant, the

reason why the car ahead turned to the left out of the traffic lane in which both it and Mr. Schwedler's car were traveling. He watched the car ahead momentarily as it turned out and then suddenly observed the gray object standing in his traffic lane on the roadway, but although he applied his brakes, which were two-wheel brakes, and attempted to turn, he was unable to avoid colliding with it. The evidence will further show that at all times Mr. Schwedler was traveling at a lawful rate of speed and that he made every effort to avoid the collision, and also that his headlights were on and were adequate for all purposes, but did not enable him to see the tractor ahead until he was too close to stop or turn aside for the reason that the car which preceded him on the roadway obstructed and interrupted his vision and likewise interrupted the beam which his headlights cast forward. Now on this evening the visibility was not good and there was a slight gray mist in the air; it was slightly foggy, and the evidence will show that there was so much humidity suspended in the atmosphere that the pavement at the point of the collision and in fact the pavement surrounding for many miles was wet and slippery."

The trial court, in directing a verdict on this statement of facts, concluded as a matter of law that Schwedler was guilty of contributory negligence in that he failed to observe that part of the speed statute, §12603, GC, which provides:

"No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The Supreme Court has had this statute under consideration in four cases, and in all of them has held that it barred the injured driver from recovery. In Skinner v Pennsylvania Rd. Co., 127 Oh St, 69, 186 NE, 722, the collision was with a freight train standing on a country crossing on a "rainy, misty and foggy" night. In Gumley, Admr. v Cowman, 129 Oh St, 36, 193 NE, 627, it was an unlighted truck on the highway, and the same was true in Universal Concrete Pipe Co. v Bassett, 130 Oh St, 567, 200 NE, 843, where plaintiff sought to escape the effect of his own negligence by alleging that defendant's conduct in parking its unlighted truck on the highway was wanton. This claim was not sustained.

A directed verdict, and judgment for the defendant, was affirmed in **Watt v Jefferson Trucking Co.**, 130 Oh St, 99, 196 NE, 887, which was another case of an unlighted truck on the highway. This case was certified to the Supreme Court as in conflict with **Schaeffer-Weaver Co. v Mallonn**, 45 Oh Ap, 1 (14 Abs 554), 186 NE, 514, in which recovery was approved by the Court of Appeals for injuries resulting from a collision with an unlighted truck parked on the highway in the outside right lane. When two other automobiles passed the plaintiff, who was traveling in the inside lane, they crowded him to the right, and he collided with the truck after traveling thirty feet ahead in that lane. The affirmation of Watt v Jefferson Trucking Co., supra, clearly leads to the inference that the decision in Schaeffer-Weaver Co. v Mallonn, supra, is disapproved.

The second paragraph of the syllabus of Gumley, Admr. v Cowman, supra, is as follows:

"The present legislative requirement establishes a subjective test whereby a driver is prohibited from operating any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the distance at which he can see a discernible object obstructing his path."

In all the cases above cited the object with which plaintiff collided was a "discernible one"; it was static, except in the Gumley case, supra, wherein a loaded truck was moving slowly, and there was no third intervening moving vehicle involved.

In the case at bar a different element is introduced. The automobile which passed Schwedler cut in ahead of him and thereby obstructed his view of the unlighted tractor standing ahead of him on the highway. From the plaintiff's statement it appears that that vehicle was very close to the tractor before it turned out and missed it. That sudden turning for a moment naturally attracted Schwedler's attention from the path ahead. Until that vehicle started to turn in its course Schwedler had no means of knowing that his own "assured clear distance ahead" bore any reference to an unseen tractor.

The fact, as stated in the opening statement of counsel, is that the plaintiff had adequate lights and was at all times proceeding in a lawful manner, that is, at a speed not excessive under the existing circumstances, and the only discernible object ahead of him was the moving automobile, until it turned out to pass the parked truck. There was on the traveled portion of the highway, whereon he had a right lawfully to proceed, no other object within the range of his assured clear distance ahead to which he was bound to give heed, and the sudden and unexpected turning of the automobile, it would seem, was such an emergency as would avoid the strict rule of the statute.

The word "assured" as used in this statute must mean something that can be seen. So says the Supreme Court in the syllabus above quoted from the Gumley case. In the last paragraph of the opinion that court recognizes that there may be a situation in which a motorist may collide with an object on the highway when "questions of proximate cause and negligence on the part of such driver must be submitted to the jury." Following this paragraph, the court cites Lindquist v Thierman, 216 Iowa, 170, 248 NW, 504. This case is also reported at 87 A.L.R., 893, with a note on page 900.

Iowa has the "assured clear distance" provision in its speed statute, similar to that in the Ohio law. In Lindquist v Thierman, supra, which was decided before the Skinner case was decided by the Ohio Supreme Court, the Iowa court, construing that provision, said, at page 181:

"That means * * * that the plaintiffs should at all times be able to stop their car within the distance that discernible objects could have been seen by them."

The syllabus, as reported in L.R.A., adds, "even though such objects be without lights." In arriving at this conclusion that court cited and quoted from the decision of this court in **Curtis v Hubbel, 42 Oh Ap, 520, (12 Abs 646), 182 NE, 589.** The "discernible object" test is followed in Gumley, Admr. v Cowman, supra.

In Lindquist v Thierman, supra, the court quotes and adopts Bowmaster v DePree, 252 Mich., 505, 233 NW, 395, as follows:

"This duty does not extend so far as to require that it must always be possible to bring the car to an immediate stop on the sudden arising of a dangerous situation which the driver could not reasonably have anticipated."

Later the same court in Kimmel v Mitchell, 216 Iowa, 366, 249 NW, 151, recognized this principle, and again did so in Kadlec v

Johnson Const. Co., 217 Iowa, 299, 252 NW, 103.

In the last mentioned case an unlighted truck was parked near the center of a city street at night, where the shadows from trees obscured in some measure its appearance to a driver approaching from the rear just as another vehicle with bright lights came from the opposite direction blinding the plaintiff. A judgment entered on a verdict directed on the basis of plaintiff's contributory negligence was reversed, the court holding that the fact issue presented was for the jury. In the opinion, the court said:

"If an object on the highway is undiscernible or becomes undiscernible by reason of some peculiar facts or circumstances beyond the driver's control, it would be unreasonable to hold him responsible therefor. If by reason of peculiar circumstances surrounding an object on the road, it becomes undiscernible, although his car is equipped with good lights and he is not exceeding any speed law, then it might be impossible for a driver to comply with the assured clear distance ahead statute. If there are any facts in this case beyond plaintiff's control tending to show that the truck on the highway was undiscernible by him, by the exercise of ordinary care, then the question of his complying with the statutory requirements and contributory negligence would become one for the jury."

In the Kadlec case it was also recognized that a driver's attention may be diverted from a dangerous condition and thereby prevent him from avoiding it. Schwedler's attention was momentarily diverted by the sudden movement of the automobile ahead of him, which had shortly before passed him and cut in ahead.

Our attention has not been called to any case in Ohio, or elsewhere, where "the assured clear distance ahead" has been defined with reference to an intervening moving object. When one automobile is following another, what is "the assured clear distance ahead" for the following vehicle? And what emergencies in the way of stopping or turning by the leading automobile is the driver of the following one bound to anticipate as a matter of law? Or may such a situation give rise to a fact issue for a jury's determination?

In view of the presence and performance of the intervening automobile between Mr. Schwedler and the parked tractor we think the present case different from the Skinner and Gumley cases, and that the defendant's motion to direct a verdict on plaintiff's opening statement should have been overruled, and plaintiff permitted to introduce her evidence. The trial court erred in so directing the verdict and entering judgment for the defendant.

That judgment is reversed and the cause is remanded to the trial court for further proceedings.

Judgment reversed and cause remanded.

LLOYD and OVERMYER, JJ, concur.