Weygandt, C. J.
 

 It is not disputed that Miss Hohler was acting as Skinner’s agent and that any negligence of hers proximately contributing to produce his injuries would prevent his recovery. Therefore the one important question presented is whether the record shows such negligence as a matter of law.
 

 On July 21, 1929, Section 12603, General Code, became effective as amended by the addition of the following words: “No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.”
 

 No reported Ohio decisions have been cited containing an interpretation of this language. However, in 1927, the state of Michigan enacted a similar statute. Apparently it served as the model for the later Ohio legislation. With this in mind it is important to note that in the case of
 
 Bowmaster
 
 v.
 
 William H. DePree Co.,
 
 252 Mich., 505, 233 N. W., 395, the following language was used:
 

 “The defendant Van Ark was driving his automobile upon the highway at a speed greater than permitted him to bring it to a stop within the assured clear distance ahead, in violation of the plain provisions- of the statute, and we think was guilty of negligence as a matter of law,”
 

 Then, too, it should be remembered that under the
 
 *71
 
 well-reeognized general rule the violation of a statute enacted for the protection of the public is negligence
 
 per se. Schell
 
 v.
 
 DuBois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710. Likewise, in 20 Ruling Case Law, 38, appears the following plainly-worded statement of the rule:
 

 “In a majority of jurisdictions it is stated as a general rule of law that the violation of a penal or criminal statute is actionable negligence, or as frequently stated is ‘negligence per se’ or ‘negligence as a matter of law.’ ”
 

 It is contended by plaintiff in error that the decisions in the cases of
 
 Heidle
 
 v.
 
 Baldwin,
 
 118 Ohio St., 375, 161 N. E., 44, 58 A. L. R., 1186, and
 
 George Ast Candy Co.
 
 v.
 
 Kling,
 
 121 Ohio St., 362, 169 N. E., 292, should be considered as controlling in the instant case, and that this new language in Section 12603, General Code, does not declare a definite rule of conduct. It must be remembered that in these cases this section of the Code was not under consideration. It must be remembered also that the other language of this section has repeatedly been held a sufficiently definite and certain rule of conduct to make its violation negligence
 
 per se.
 

 In the opinion in the case of
 
 State
 
 v.
 
 Schaeffer,
 
 96 Ohio St., 215, appears this expression, at page 236, 117 N. E., 220, L. R. A., 1918B, 945, Ann. Cas., 1918E, 1137: “Section 12603 is as definite and certain on the subject-matter and the numerous situations arising thereunder as the nature of the case and the safety of the public will reasonably admit.”
 

 It is. the opinion of this court that the new language of this section is plain and unambiguous. Furthermore, it would obviously cause needless confusion and defeat the purpose of the Legislature if this court were to indulge in judicial legislation to the extent of declaring one part of this section a definite rule of conduct, the violation of which constitutes negligence
 
 per
 
 
 *72
 

 se,
 
 and then holding otherwise as to the other language of the same integral section.
 

 According to Miss Holder’s own statement she was driving the automobile through the rain, mist and fog at a speed of approximately forty miles per hour. Clearly she was guilty of negligence as a matter of law, and under the undisputed facts in this case there can be no doubt but that this negligence proximately caused the collision. Therefore the Court of Appeals was correct in its reversal of the trial court for refusing to direct a verdict for the defendant.
 

 Under the foregoing view of this case it becomes unnecessary to discuss the question of negligence on the part of the defendant.
 

 Judgment affirmed.
 

 Day, Allen, Stephenson, Jones and'Matthias, JJ., concur.
 

 Bevis, J., not participating.