## LAKE SHORE MOTOR FREIGHT CO v FLICK

Ohio Appeals, 7th Dist, Mahoning Co

Decided July 23, 1935

Homer Carlyle, Youngstown, for plaintiff in error.

Harrington, Huxley & Smith, Youngstown, for defendant in error.

"1. The language of §12603, GC, providing that no person shall drive any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the assured clear distance ahead, is a specific requirement of law, a violation of which constitutes negligence per se. **Skinner v Penna. R. R. Co., 127 Oh St, 69, 186 NE 722,** approved and followed.

2. The present legislative requirement establishes a subjective test whereby a driver is prohibited from operating any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the distance at which he can see a discernable object obstructing his path."

The Court of Appeals of Allen County, Ohio, rendered a decision in the case of Jefferson Trucking Company v A. Ray Watt, on error to the Court of Common Pleas of Allen County, involving a state of facts similar to the facts in the case at bar. In that case there was evidence tending to prove that the truck with which the collision occurred, was parked in the highway and was a neutral color and without lights or flares, with the rear end projecting beyond the center of and on the left side of the highway. In this case the Court of Appeals held that the plaintiff, as shown by the evidence, was contributorily negligent as a matter of law by reason of his operating his automobile at a rate of speed which did not permit him to stop within the assured clear distance ahead, in violation of the provisions of §12603, GC, and reversed the judgment of the trial court and certified the case to the Supreme Court. On the 26th of June, 1935, the decision of this court in the Watt v Jefferson Trucking Company case was affirmed by the Supreme Court on authority of Skinner v **Pennsyl-vania R. R. Co., 127 Oh St, 69, and Gumley, Admr. v Cowman, 129 Oh St, 36.** The decision referred to is reported in the July 1, 1935, issue of the Ohio Law Reporter.

We do not think the slight difference in the facts in the case at bar and the case of Watt v Jefferson Trucking Company, is sufficient to take it out of the rule established in the Gumley and Watt cases, and are therefore of the opinion that the instant case comes within the purview of the decision in the Gumley and Watt cases, supra, and not within the exception to the rule intimated.

Under the facts in the instant case the plaintiff, under the authorities mentioned, was contributorily negligent as a matter of

**OPINION**

By KLINGER, J.

There are a number of assignments of error in the petition in error, but in the view we take of this case it is unnecessary in this opinion to discuss but one of the assignments of error, as a consideration of this assignment disposes of the whole case. The assignment referred to is that the court erred in refusing to direct a verdict for the defendant on the ground that the plaintiff was contributorily negligent as a matter of law, first because plaintiff's headlights did not throw sufficient light ahead to enable him to distinguish this truck standing on the highway for a distance of 200 feet ahead, as required by §6310-1, GC. Second, that plaintiff was traveling at a rate of speed which did not permit him to stop within the assured clear distance ahead in violation of §12603, GC.

The defendant, in support of this contention, relies on the cases of **Gumley, Admr. v Cowman, 129 Oh St, 36, and Skinner v Pennsylvania R. R. Co., 127 Oh St, 69.** The syllabus in the Gumley case is as follows:

law, and the trial court erred in overruling the motion to direct a verdict. The judgment will be reversed for that reason, and this court rendering the judgment the trial court should have rendered, will enter final judgment in favor of plaintiff in error, at costs of defendant in error.

Judgment reversed and final judgment in favor of plaintiff in error, at costs of defendant in error, entered.

GUERNSEY, J, concurs.