In parking its car at the curb without lights and after dark, the defendant violated Section 12614-3, General Code, and was therefore guilty of negligence per se. *Page 474 
The real crux of this controversy lies in the construction of Section 12603, General Code, which, inter alia, provides: "No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead." In our former consideration of this section of the Code, this court held that the language therein employed constitutes a specific requirement of law, a violation of which constitutes negligence per se. Gumley, Admr., v. Cowman, 129 Ohio St. 36,193 N.E. 627; Skinner v. Pennsylvania Rd. Co., 127 Ohio St. 69 186 N.E. 722. Counsel for defendant below rely upon those two decided cases and contend that the evidence of the plaintiff relating to his conduct at and just before the collision entitled it to have the motion for a directed verdict in its favor sustained.
The legal excuse, if it be an excuse, advanced by the adverse party is: (1) That, because of the absence of a tail-light and because there was so much dirt on the parked car, it was not adiscernible object within the definition of that term as used in the Gumley case, supra; and (2) that the glare of the headlights on the approaching car just at and before the collision produced an emergency which he was not able to avoid. The states of Iowa, Pennsylvania and Michigan each have "assured clear distance" statutes similar to our own, and have often construed them. Without referring to the many cases that have dealt with the subject, we shall allude to Hart v. Stence,219 Iowa 55, 257 N.W. 434, 97 A. L. R., 535, decided by the Iowa court November 20, 1934; Ellis v. Bruce, 217 Iowa 258,252 N.W. 101; Stark v. Fullerton Trucking Co., 318 Penn. St., 541, 179 A. 84; Perkins v. Great Central TnansportCorp., 262 Mich. 616, 247 N.W. 759. The latter case concerned a suit for an Ohio accident brought in the state of Michigan. In the argument of the case, counsel had relied upon the law pronounced *Page 475 
in Tresise v. Ashdown, Admr., 118 Ohio St. 307, 160 N.E. 898; but the Supreme Court of Michigan rightly said it was not applicable for the reason that the "assured clear distance" statute was not adopted in Ohio until 1929 and after the foregoing case was decided.
Without passing in detail on the various decisions of the Supreme Courts of Pennsylvania, Michigan and Iowa, we are content in saying that their "assured clear distance" statutes are strictly construed; and in the Gumley case, supra, we held that the Ohio statute prescribed a "specific requirement of law, a violation of which constitutes negligence per se." It is indicated in the opinion in the Gumley case, supra, that situations may arise and collisions occur under circumstances which provide legal excuses to the person charged with the violation of a statute. Kadlec v. Al. Johnson Const. Co.,217 Iowa 299, 252 N.W. 103; Wosoba v. Kenyon,215 Iowa 226, 243 N.W. 569. The Supreme Court of Iowa, in theKadlec case, supra, on page 304 quoted with apparent approval from the case of Kisling v. Thierman, 214 Iowa 911,243 N.W. 552, where, speaking of the rule of proof applicable, the learned judge said: " 'In other words, accurately speaking, where the statute or ordinance has fixed the standard of care, the failure to observe such standard is negligence, and when in the trial of a case — the other elements being proven — it is shown that the defendant failed to observe the standard of care thus fixed, a case is made for the jury in the first instance. In such case, the defendant may offer proof excusing his failure to observe such legal standard of care. If, however, he fails to furnish proof of such legal excuse, then it is accurate to say that negligence is established as a matter of law.' "
Counsel for plaintiff below rests chiefly upon the contention that the parked car, because of the fact that it was covered with dirt, was not a discernible object. A similar excuse was unavailingly advanced by counsel *Page 476 
in the Iowa case of Ellis v. Bruce, supra, where it was argued that, because the truck was the same color as the pavement and because it was spattered with mud, it was not reasonably discernible.
Section 6310-1, General Code, requires motor vehicles to be equipped with forward lights which, after dark, shall throw sufficient light ahead to show "any person, vehicle, or substantial object upon the roadway straight ahead of the motor vehicle for a distance of at least two hundred feet." The automobile in the instant case was a substantial object and, whether mud-spattered or otherwise, whether driven or parked, was an object which should have been discernible by the plaintiff below. It is well known that at certain times of the year, under varying weather conditions, motor cars of every shape or color may become bespattered with mud or be covered with an accumulation of dirt like the car in the instant case; even so, the plaintiff owed them the statutory duties required by the two sections alluded to. Such cars are discernible objects in a driver's path. In Lindquist v. Thierman, 216 Iowa 170, 248 N.W. 504, 87 A. L. R., 893, the opinion alludes to the case of Dalley v. Mid-Western Dairy Products co.,80 Utah 331, 15 P.2d 309, and apparently approved the following language used in the Utah case:
" 'The only reasons assigned by plaintiff for his failure to discover the truck sooner was because it was without lights and was painted yellow. The law imposed upon him the duty of having such lights as would enable him to discover objects without as well as those with lights. If his lights would not reveal unlighted objects at the prescribed distance, he was negligent. Some of his witnesses testified that part of the truck was painted red. The legislature having prescribed that the front lights of an automobile in use upon public highways of this state shall be of sufficient candle power to render all substantial objects clearly discernible at a distance of 200 feet, it is not within *Page 477 
the province of the courts to carve out an exception to the law because of the color of the object involved in a given case. The claim that an operator of an automobile should be excused from discovering a substantial object directly in front of him because it was painted yellow or yellow and red, finds no support in law and is, as we believe, without any foundation in fact.' "
The plaintiff below has advanced no legal excuse for a violation of the "assured clear distance" statute. He testifies that his car was equipped with headlights with which he could see a pedestrian ahead of him for more than two hundred feet. He does not explain why, at some point within that distance, he was unable to see the parked car. He says he did not see it until within five or six feet. The inferences arising from his evidence are that the glare of the headlights and the collision were almost simultaneous occurrences. If he were blinded many moments before the collision, it was his duty to immediately decrease his speed and, if necessary, to stop until he recovered his vision. In the Wosoba case, supra, the syllabus reads: "The failure of the driver of an automobile to drive at such speed as will permit him to bring the car to a stop 'within the assured clear distance ahead' constitutes, in the absence of some legal excuse, negligence per se. And such excuse is not made to appear by evidence that the driver met a car and was temporarily blinded by the lights shining in his face, but did not slacken his speed." There is no evidence that plaintiff made any effort to decrease his speed until a moment before the collision occurred. Thompson v. Southern MichiganTransportation Co., 261 Mich. 440, 246 N.W. 174; Russell v.Szczawinski, 268 Mich. 112, 255 N.W. 731.
Having been unable, by his own testimony, to justify his action by any valid, legal excuse, the trial court should have sustained the defendant's motion for a directed *Page 478 
verdict. The judgment of the Court of Appeals is affirmed.
Judgment affirmed.
WEYGANDT, C.J., STEPHENSON, MATTHIAS and ZIMMERMAN, JJ., concur.
WILLIAMS, J., concurs in propositions one, two and three of the syllabus, but not in the judgment of affirmance.