## HARTSOCK v GEORGE

Ohio Appeals, 1st Dist, Butler Co

No 740. Decided Jan 11, 1938

### OPINION

By ROSS, PJ.

Appeal on questions of law from the court of common pleas of Butler county, Ohio.

The action was instituted to recover damages claimed by the appellee to have been caused when his automobile crashed into that of appellant while the same was being backed out of a driveway onto a public highway. The collision occurred late at night.

The contentions of the appellant and appellee are diametrically opposed. It is wholly impossible that both could be correct.

The appellant claimed that he was compelled to stop on or along the highway by reason of engine trouble and that while parked the automobile of the appellee crashed into the rear of his vehicle.

The appellee upon the stand stoutly adhered to his claim that the appellant suddenly backed his vehicle out of a driveway onto the public highway allowing appellee insufficient time to stop.

The case presented a situation where the jury would be called upon to pass upon the credibility of witnesses. Little difficulty would be presented in the consideration of the case were it not for the fact that the jury not only returned a general verdict for appellee, but also answered a special interrogatory presented by appellant. The interrogatory and answer are as follows:

"Q. State whether or not the motor vehicle of Clarence George was parked on or along the highway at the time of the accident.

A. Yes. On Highway."

The giving of the interrogatory is severely criticized by appellee. Much that is said would be wholly appropriate were we alone considering the question of the refusal of the court to give the interrogatory. It is asserted that it is ambiguous and there is certainly much to be said in support of this claim. However, we are

Harry S. Wonnell, Hamilton, for Appellee
John D. Andrews, Hamilton and Theodore I. Weiss, for Appellant.

not only considering the interrogatory but the answer thereto, which clearly indicates that any ambiguity that might have been found to exist by the jury was evaded and that in their answer they clearly indicate that they understood the question presented. Had they been in doubt as to whether the automobile of appellant was parked at all, as is suggested by appellee, this doubt would certainly have been reflected in their answer. They not only decided that the automobile was parked, but that it was parked on the highway. They thus answered both of the questions involved and dispelled any doubts as to their ambiguous considerations of such questions.

The court would have been fully justified in refusing the interrogatory, but having given same and the jury having intelligently answered same, it is not now proper to consider how they might have been confused when they so evidently were not. The answer to the interrogatory, however, is wholly inconsistent with the general verdict, which latter must have been predicated upon a misconception of the law applicable to the assured clear distance ahead rule if much of the evidence in the case was given any consideration.

We are not prepared to hold as a matter of law that there never can be a case of recovery by one who collides with a parked vehicle when approaching it from the rear, although it is extremely difficult to conceive of a case which in view of the statute would permit such a recovery, requiring as it does a finding that the driver of the moving vehicle is free from negligence or contributory negligence. **Gumley v Cowman, 129 Oh St, 36, 39, Kormos v Cleveland Retail Credit Men's Co., 131 Oh St, 471.** We quote paragraphs 2, 3, and 4 of the syllabus in the Kormos case:

"2. One who violates §12603 GC requiring a driver of a motor vehicle on public highways not to drive his vehicle at a greater speed 'than will permit him to bring it to a stop within the assured clear distance ahead' is, in the absence of proof of a legal excuse therefor, guilty of contributory negligence as a matter of law.

"3. An operator who has failed to comply with the 'assured clear distance' statute may excuse such failure and avoid the legal imputation of negligence per se by establishing that, without his fault, and because of circumstances over which he had

no control, compliance with the law was rendered impossible.

"4. Sec. 12603 GC, enacted for the public safety, has fixed a standard of care, and a failure to comply with such standard is negligence per se. It is the duty of the party failing to comply to offer proof excusing his failure to observe such legal standard of care; and if he fails to do so he is guilty of negligence as a matter of law."

There may therefore be cases where a recovery is permissible. Whether there is such a case depends upon the jury's conclusion as to the contradictory positions of the parties.

The jury by their answer to the special interrogatory could not have believed all of the testimony of the appellee. By their general verdict they could not have believed all of the testimony of the appellant. There is, therefore, in our opinion sufficient evidence presented by both parties to require a retrial of the case.

Seven grounds of negligence were alleged by the appelles. Many of these were wholly unsupported by evidence, and should have been excluded from the consideration of the jury.

We do not approve special charge No. 2, presented by appellant, for the reason, first, that it presumes that the negligence of the appellee was the proximate cause of his damages. The concluding words of this charge are "and such negligence bars his recovery herein." The second defect is that it eliminates the element mentioned in the second paragraph of the syllabus in Kormos v Cleveland Retail Credit Men's Co., supra, "the absence of legal excuse therefor." The charge upon the whole is not clear and we find no error in the refusal of the court to grant the same.

Had the appellant given the jury the opportunity to indicate that the automobile of defendant was parked for a sufficient time to invoke the assured clear distance ahead rule, this court might find itself in a position to take advantage of the provisions of §11420-18, GC.

The appellee contends that the answer to the special interrogatory is entirely consistent with the general verdict, in that the term "parked" is susceptible of a meaning indicating a momentary hesitation while one is changing direction of a vehicle. We consider this a strained and unreasonable definition of the word. The

public in general is familiar with the meaning of the word "parked", and that the word includes more than a mere hesitation or momentary stop. In view of the fact, however, that a vehicle might be parked for such a short time, having suddenly emerged from a side street or lane, that the oncoming vehicle would have no opportunity to avoid a collision, and there being nothing in the answer to the special interrogatory to indicate that the vehicle of appellant had been parked for a sufficient time to invoke the assured clear distance ahead rule, we conclude that the interests of justice require that the case be remanded to the court of common pleas for a new trial.

We conclude also that the real question presented by the facts involved in this and similar cases is whether the vehicle struck from the rear is in the traffic lane for a sufficient time to permit the driver of the oncoming vehicle to exercise care in avoiding a collision, taking into consideration the requisites of the assured clear distance ahead statute.

Judgment reversed, and cause remanded for a new trial.

HAMILTON & MATTHEWS, JJ, concur.