Weygandt, C. J.
 

 In the Court of Common Pleas the defendant’s motion for new trial was based upon sixteen grounds. In this court the assignments of error have been reduced to four in number. All of them have been discussed in the opinions of the lower courts', and a careful study of the record discloses no prejudicial error whatsoever in spite of the trial court’s statement that “I don’t know of a negligence case that I have tried that really involved more complications and more difficulty in getting over to the jury a charge that would aid them in resolving their verdict.” Although the capacity of the trial court to meet the requirements of the occasion was amply demonstrated, this court is impelled to comment briefly upon the defendant’s claim that according to the uncontradicted evidence the plaintiff operated his automobile at a rate of speed greater than would permit him to bring it to a stop within the assured clear distance ahead, and was therefore guilty of contributory negligence as a matter of law.
 

 
 *283
 
 On this point the trial court charged the jury as follows:
 

 “The statutory provision is that a person must keep his car under such control as will enable him to stop within the assured clear distance ahead. The Court of Appeals of this state has defined the meaning to be given to this provision in the code. The plaintiff, that is Mr. Hangen, was entitled in the absence of any visible sign of danger, to assume that the road was free from obstructions unlawfully created by the defendant and to act upon that assumption as fully as when the fact assumed could be seen. Nothing in the code required him to assume the contrary. That element of the situation remains' with all the others by which his conduct is to be judged and becomes I think a part of the definition of the statutory phrase of the ‘assured clear distance ahead.’ Taking that rule you will consider all the evidence upon the speed at which the plaintiff was driving as he approached the point of the collision and then make your finding of fact as to whether or not he was or was' not proceeding at a rate of speed greater than would enable him to stop within the assured clear distance ahead. If he was proceed-at a greater rate than would enable him to do so, he would be guilty of negligence upon that point. If he was keeping his car under such control and speed as would enable him to stop within the assured clear distance ahead, as I have defined it to you, he then would not be negligent on that ground.”
 

 In determining the correctness of this charge the lower courts gave consideration to the decisions of this court in the four cases' of
 
 Skinner
 
 v.
 
 Penna. Rd. Co.,
 
 127 Ohio St., 69, 186 N. E., 722;
 
 Gumley, Admr.,
 
 v.
 
 Cowman,
 
 129 Ohio St., 36, 193 N. E., 627;
 
 Kormos
 
 v.
 
 Cleveland Retail Credit Men’s Co.,
 
 131 Ohio St., 471, 3 N. E. (2d), 527; and
 
 Higbee Co.
 
 v.
 
 Lindemann,
 
 131 Ohio St., 479, 3 N. E. (2d), 426.
 

 In the
 
 Skinner case, supra,
 
 the plaintiff’s automobile
 
 *284
 
 was driven at a speed of approximately forty miles per hour in spite of the fact that the night was ‘ ‘ rainy, misty and foggy. ’ ’ By reason of this inexcusable recklessness on the part of the driver, the automobile collided with a freight train standing across the highway at a regularly used crossing. The trial court was reversed for refusing to direct a verdict on the ground of contributory negligence as a matter of law.
 

 In the
 
 Gumley case, supra,
 
 the facts were in many respects similar to those in the
 
 Skirmer case.
 
 Each collision occurred at night. .Each was upon a straight, unlighted highway in open country. Each involved “rainy, misty, foggy” weather. The rates of speed did not vary greatly; the Skinner car was traveling"' approximately forty miles per hour, while in the
 
 Gumley case
 
 the speed was thirty or thirty-five miles per hour. The distances at which the objects were suddenly discovered were almost the same; in the
 
 Skinner case
 
 the freight train was not seen until the automobile was within four or five feet of it, while in the
 
 Gumley case
 
 the truck was but five or ten feet ahead. In the
 
 Skinner case
 
 the freight train was standing, while in the
 
 Gumley case
 
 there was the difference that the truck was moving very slowly in the same direction as the automobile. In the
 
 Skinner case
 
 the train was across the entire highway, but the
 
 Gumley case
 
 differs in that the truck occupied only a part of' the right side of the highway, and the left side was open, thus affording the decedent an opportunity to pass. The trial court properly directed a verdict for the defendant on the ground that the decedent was guilty of negligence as a matter of law. . However, this' court pointed out that collisions of this sort may still occur despite the exercise of due care on the part of the driver of the colliding automobile in attempting to observe the statute, and that under proper circumstances the questions of proximate cause and negli
 
 *285
 
 gence on the part of such driver must be submitted to the jury.
 

 In the
 
 Kormos case, supra,
 
 this court followed the decisions in the
 
 Shinwer
 
 and
 
 Gumley cases,
 
 and held that a driver who has failed to comply with the “assured clear distance” statute may excuse such failure and avoid the legal imputation of negligence
 
 per se
 
 by establishing that, without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible. This court held also that a mud-bespattered motor car is a substantial and discernible object, and that the plaintiff was guilty of contributory negligence as a matter of law in driving his own car into the rear of the defendant’s unlighted car parked at the street curb at night.
 

 In the
 
 Lindemann cases, supra,
 
 this court held that a driver of an automobile was negligent in colliding with the rear of a stopped truck which she had been following along the street for several hundred feet in the daytime.
 

 In the instant case the speed of the two automobiles was approximately the same as that of the cars involved in the
 
 S'kinner
 
 and
 
 Gumley cases.
 
 But here the analogy ends, and the four cited cases are readily distinguishable from the one now before the court. In this case the collision occurred about ten o’clock in the morning. The day was clear, and the surface of the highway was dry. As the plaintiff drove eastward over the crest of a hill he suddenly observed the defendant’s automobile approaching toward the west on the plaintiff’s, or south, side of the road. According to the plaintiff’s' evidence the defendant’s car was about 250 feet away and directly in the plaintiff’s path. The plaintiff immediately applied his brakes and stéered his car still farther to his right until its right wheels were on the south or right berm. As this was done the plaintiff’s car began to skid and turn. As' it continued, to skid and turn it veered to the plain
 
 *286
 
 tiff’s left and toward the middle of the highway. In the meantime the defendant likewise was attempting to steer his car to his right or proper side of the road. He applied the brakes, and his car, too, began to skid and turn. The exact point of the collision is in dispute. The defendant insists that he had turned to his left or south side of the road when he overtook a boy on a bicycle, but that he had regained his right or north side of the highway by the time the collision occurred. This is denied by the plaintiff. He admits that when his car turned crosswise on the road one wheel projected a foot or two north of the middle, but insists that only the right front wheel of the defendant’s car had regained the north side of the road. The plaintiff says further that he saw no boy on a bicycle.
 

 This court is of the view that, the instant case is one in which the above mentioned provisions of Section 12603, General Code, cannot be applied as' a matter of law to the plaintiff’s conduct; rather, under the conflicting evidence, a jury question is here presented as to whether the plaintiff was guilty of contributory negligence. Reasonable mindsi might differ with reference thereto. As contended by the defendant, it is of course true that as the plaintiff approached the brow of the hill he knew that his view was obstructed thereby. However, it is' likewise true that the plaintiff was not required to anticipate that the driver of an approaching motor vehicle would violate the law by obstructing the plaintiff’s proper path. The trial court was correct in overruling the defendant’s motion for a directed verdict.
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.
 

 Hart, J., not participating.