## WRIGHT v. RICKENBACHER TRANSP., Inc.

### No. 9530.

Circuit Court of Appeals, Sixth Circuit.
Oct. 21, 1943.

Clark V. Campbell and B. B. Bridge, both of Columbus, Ohio, for appellant.

Vorys, Sater, Seymour · & Pease, of Columbus, Ohio, for appellee.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

PER CURIAM.

The above-styled cause is submitted to the court on the record, briefs and argument of counsel.

The undisputed facts show that on January 9, 1939, at about 4:30 o'clock, p.m., appellant's decedent, Lawson E. Wright, was driving an automobile in an easterly direction on a public highway in the State of Ohio, following a tractor-trailer operated by appellee and that, without warning or any signal, said tractor-trailer was abruptly stopped, due to mechanical defects which had long existed and which were known to appellee.

Appellant's decedent was unable to slow his car sufficiently to avoid colliding with the rear end of appellee's trailer and, in attempting to pass said tractor-trailer by an abrupt turn of his car to the left, the right front end of it collided with the left rear corner of appellee's trailer, the collision causing decedent's death.

Section 12603 of the General Code of Ohio provides: "No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Appellant's decedent, in the operation of his car at the time of the collision, was guilty of contributory negligence as a matter of law because of the violation of the foregoing statute as construed by the Supreme Court of Ohio in Gumley v. Cowman, 129 Ohio St. 36, 193 N.E. 627; Kormos v. Cleveland Retail Credit Men's Co., 131 Ohio St. 471, 3 N.E.2d 427; Higbee Co. v. Lindemann, 131 Ohio St. 479, 3 N.E.2d 426, and Smiley v. Arrow Spring Bed Co., 138 Ohio St. 81, 33 N.E.2d 3, 133 A.L.R. 960.

Judgment of the district court directing a verdict for the defendant is affirmed.