Bell, J.
 

 During the course of this opinion the parties will be designated as they stood in the Court of Common Pleas, Alva Blasco as plaintiff and Sydney Mendelman as defendant.
 

 The judgment entry in the Court of Appeals reads in part as follows:'
 

 “This court finds that there is error in the said record and proceedings of said court prejudicial to the defendant-appellant, and that the trial court
 
 should
 
 have entered judgment in favor of the defendant.”
 

 The judgment was by a divided court and no reason is stated in the entry as the basis for the conclusion reached by the majority.
 

 By the opinion we are advised that the majority reached the conclusion that the trial court committed prejudicial error in two particulars :
 

 (1) In charging the jury on the subject of assured clear distance ahead.
 

 (2) In failing to enter judgment in favor of the defendant.
 

 The trial court charged the jury that “no person shall operate a motor vehicle at a speed greater * * * than will permit the operator to bring the motor vehicle to a stop within the assured clear distance ahead.”
 

 The “assured clear distance ahead” requirement was first incorporated into the law of Ohio in 1929 (113 Ohio Laws, 283) by an amendment to the then existing Section 12603, Beneral Code.
 

 
 *653
 
 Since that time the application of that provision has been before this court on numerous occasions under varying factual situations. See
 
 Skinner
 
 v.
 
 Pennsylvania Rd. Co.,
 
 127 Ohio St., 69, 186 N. E., 722;
 
 Gumley, Admr.,
 
 v.
 
 Cowman,
 
 129 Ohio St., 36, 193 N. E., 627;
 
 Watt
 
 v.
 
 Jefferson Trucking Co.,
 
 130 Ohio St., 99, 196 N. E., 887;
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett,
 
 130 Ohio St., 567, 200 N. E., 843, 119 A. L. R., 646;
 
 Hunter
 
 v.
 
 Brumby,
 
 131 Ohio St., 443, 3 N. E. (2d), 353;
 
 Kormos
 
 v.
 
 Cleveland Retail Credit Men’s Co.,
 
 131 Ohio St., 471, 3 N. E. (2d), 427;
 
 Higbee Co.
 
 v.
 
 Lindemann,
 
 131 Ohio St., 479, 3 N. E. (2d), 426;
 
 Matz, Admr.,
 
 v.
 
 Curtis Cartage Co.,
 
 132 Ohio St., 271, 7 N. E. (2d), 220;
 
 Hangen, a Minor,
 
 v.
 
 Hadfield,
 
 135 Ohio St., 281, 20 N. E. (2d), 715;
 
 Capelle
 
 v.
 
 B. & O. Rd. Co.,
 
 136 Ohio St., 203, 24 N. E. (2d), 822;
 
 Smiley
 
 v.
 
 Arrow Spring Bed Co.,
 
 138 Ohio St., 81, 33 N. E. (2d), 3, 133 A. L. R., 960.
 

 That provision was passed in the interest of the public safety and prescribes an absolute rule of conduct. It is well settled that a failure to conform thereto is negligence
 
 per se.
 

 This court has recognized and pointed out that under some circumstances a failure to comply therewith may be excusable. However, the decisions make clear that the burden is upon the operator of the motor vehicle, who attempts to escape the legal effect of this mandatory provision, to prove such a state of facts over which he had no control that compliance therewith was made impossible.
 

 We have searched this record in vain to find any evidence to excuse the defendant’s failure to see the plaintiff. There is no evidence that there was any other traffic upon the street, traveling in either direction; the headlights on the automobile were lighted; the street was lighted; and the automobile traveled from 75 to 100 feet in low gear after a full stop at Ellsworth and Livingston avenues, during which time
 
 *654
 
 the plaintiff was proceeding slowly from approximately the center of Livingston avenue toward the north curb ■ thereof. Nor can we find any evidence in this record to warrant the statement in the Court of Appeals opinion “that the assured clear distance provision of the Code * * * has no application to movement foy a person into a line of vision so suddenly that in the exercise of ordinary care there is neither the space nor the opportunity to stop the car.”
 

 The violation of the “assured clear distance ahead” statute was charged in the petition and evidence was offered tending to sustain that charge, and therefore the trial court did not commit error in submitting that issue to the jury. Whether the defendant had shown such a state of facts as would excuse him from the operation of the statute was a question of fact for the jury and the Court of Appeals erred in concluding that the statute had no application.
 

 Was the defendant entitled to a judgment?
 

 As we view this record there is evidence upon which the jury could have found the defendant guilty of negligence under one or more of the following specifications of negligence stated in the petition: He failed to swerve the automobile or to turn it aside in order to avoid striking the plaintiff when he saw or in the exercise of ordinary care should have seen her crossing Livingston avenue; he failed to sound the horn of the automobile or give any warning of its approach when he saw or in the exercise of ordinary care should have seen her crossing Livingston avenue; he failed to keep a lookout for pedestrians in Livingston avenue; he drove the automobile with the windshield thereof so covered with dirt and mist that he was unable lo observe pedestrians crossing Livingston avenue; and he failed to operate his automobile so that he could stop within the assured clear distance ahead.
 

 The jury did find the defendant guilty of negli
 
 *655
 
 gence, and the plaintiff admittedly was gnilty of negligence, therefore, the only remaining question was as to proximate cause and the jury resolved that question in favor of the plaintiff.
 

 The Court of Appeals held, as a matter of law, that the negligence of the plaintiff contributed to the proximate cause, and prevented recovery.
 

 That court, on appeal on questions of law alone, has authority to determine the question of proximate cause as a matter of law where the evidence is such that reasonable minds can arrive at but one conclusion. However, where the evidence is such that reasonable minds can arrive at different conclusions upon that question then it is one of-fact for determination by the jury.
 

 In passing it should be noted that the ordinance of the city of Columbus does not make it unlawful to cross a street at a place other than at an intersection. The ordinance places the duty upon the pedestrian to “yield the right of way to vehicles upon the roadway” and places a corresponding duty upon the driver of a vehicle “to exercise due care for the safety of pedestrians.”
 

 Whether the then Section 6310-34, General Code, has any application to the instant case is extremely doubtful but that question is unnecessary to a decision here and we express no opinion thereon.
 

 In
 
 Trentman
 
 v.
 
 Cox,
 
 118 Ohio St., 247, 160 N. E., 715, Judge Allen, writing for the court, quoted the general rule as to the rights of pedestrian in crossing a street:
 

 “ ‘Not only may one cross a street in front of a moving vehicle without his negligence being conclusively established, but it is also held that he need not, as a matter of law, constantly watch the vehicle Huddy on Automobiles (8 Ed.) 611, Section 576;
 
 Bellinger
 
 v.
 
 Hughes,
 
 31 Cal. App., 464, 160 P., 838;
 
 Harker
 
 v.
 
 Gruhl,
 
 62 Ind. App., 177, 111 N. E., 457;
 
 Carra
 
 
 *656
 

 dine
 
 v.
 
 Ford, Jr.,
 
 195 Mo. App., 684,
 
 187 S. W.,
 
 285;
 
 Knapp
 
 v.
 
 Barrett,
 
 216 N. Y., 226, 110 N. E., 428.” See, also,
 
 Smith
 
 v.
 
 Zone Cabs,
 
 135 Ohio St., 415, 21 N. E. (2d), 336.
 

 In
 
 Knapp
 
 v.
 
 Barrett, supra,
 
 Judge Cardozo said the law does not even say that because a pedestrian “sees a wagon approaching, he must stop till it has passed. He may go forward unless it is close upon him; and whether he is negligent in going forward, will be a ■question for the jury. If he has used his eyes, and has miscalculated the danger, he may still be free from fault. ’ ’
 

 That statement is in line with the weight of authority upon this subject and is the established law of Ohio. See
 
 Trentman
 
 v.
 
 Cox, supra,
 
 and
 
 Smith
 
 v.
 
 Zone Cabs, supra.
 

 Under, the evidence in the instant case reasonable minds might well have arrived at different conclusions upon the question of proximate cause and therefore, it was a question of fact .for the jury.
 

 The jury could have found that the sole proximate cause of the accident was the negligence of the defendant in failing to stop or to swerve his car thereby avoiding striking the plaintiff, or that he failed to keep a proper lookout for pedestrians crossing Livingston avenue, or that he failed to sound his horn or give any other warning of his approach, or that he operated his automobile with the windshield thereof so covered with dirt and mist that he was unable to observe pedestrians crossing Livingston avenue.
 

 There is evidence in the record to support the conclusion that any one of those acts or omissions was the sole proximate cause of the injury and it will not do to say that “if she had not attempted to jaywalk she would not have been hit by defendant’s car.”
 

 If that be the true test then no person crossing any
 
 *657
 
 street or road, other than at an intersection or a crosswalk, conld ever have a recovery.
 

 We conclude that the Court of Appeals erred in holding that the defendant was entitled to judgment and also in holding that the “assured clear distance ahead” statute had no application; therefore its judgment should be and hereby is reversed.
 

 One of the assignments of error in the Court of Appeals was that the verdict was manifestly against the weight of the evidence, but that court having concluded that defendant was entitled to final judgment did not pass upon that assignment of error. This court does not weigh the evidence and therefore the cause is remanded to the Court of Appeals to consider and pass upon that assignment of error.
 

 Judgment reversed and cause remanded.
 

 Hart, Zimmerman and Williams, JJ., concur.