**Reba Ann BUSTER, as Administratrix of the Estate of James E. Buster, Deceased, Plaintiff-Appellant,**

v.

**BALTIMORE & OHIO RAILROAD CO. and The Pennsylvania Railroad Co., Defendants-Appellees.**

No. 13216.

United States Court of Appeals Sixth Circuit.

Feb. 19, 1958.

John L. Undercoffer, Cincinnati, Ohio (Carl H. Ebert, Newport, Ky., Don B. Ahlers, Cincinnati, Ohio, on the brief), for appellant.

John W. Hudson, Cincinnati, Ohio, for The Pennsylvania R. R. Co.

Philip J. Schneider, Cincinnati, Ohio (John M. O'Mara, Cincinnati, Ohio, on the brief), for The Baltimore & Ohio R. R. Co.

Before SIMONS, Chief Judge, and BOYD and LEVIN, District Judges.

PER CURIAM.

This is an appeal from a verdict directed for the appellees on the ground that under Ohio's assured clear distance rule, appellant's decedent was contributorily negligent as a matter of law.

The facts are: Appellant's decedent, James Edward Buster, was a truck driver for the O. K. Trucking Company of Cincinnati, Ohio. On January 26, 1955 at about 11:00 P.M., he was driving a large, fully loaded tractor-trailer in an easterly direction over Front Street, a well-traveled public thoroughfare of the City of Cincinnati, Ohio. Railroad tracks are located in the center portion of Front Street and run parallel with the curb. At about 10:00 P.M. on that same night, appellee, Baltimore & Ohio Railroad Company, under a transfer agreement with appellee, Pennsylvania Railroad Company, had parked and left unguarded a cut of three freight cars on Front Street just west of Mills Street. The freight cars were left upon the southerly set of tracks which are located in the lane of travel for eastbound vehicles. Decedent, while proceeding east over Front Street, crashed head-on into the westerly car of the cut. There was conflicting testimony as to whether the cut of freight cars was lighted, and also evidence that a policeman, shortly before the collision, had narrowly missed the same cars.

While the evidence presented does raise a question of fact as to the negligence of the appellee, Baltimore & Ohio Railroad Company (there was no evidence attributing negligence to the Pennsylvania Railroad Company), the only question before this court is whether the trial court was justified in directing a verdict for the appellees on the issue of contributory negligence. The determination of this question involves the application of Sec. 4511.21 of the Ohio Revised Code which provides:

"No person shall operate a motor vehicle, trackless trolley, or streetcar in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater

speed than will permit him to bring it to a stop within the assured clear distance ahead."

The Supreme Court of Ohio has interpreted this provision to mean that the driver of a motor vehicle "must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel, unless such assured clear distance ahead is suddenly cut down or lessened, without his fault, by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith." Smiley v. Arrow Spring Bed Co., 138 Ohio St. 81, 88, 33 N.E.2d 3, 4, 133 A.L.R. 960. See also, Skinner v. Pennsylvania Railroad Co., 127 Ohio St. 69, 186 N.E. 722; Whitaker v. Baumgardner, 167 Ohio St. 167, 146 N.E. 729.

In McFadden v. Elmer C. Breuer Transp. Co., 156 Ohio St. 430, 434, 103 N.E.2d 385, 387, the Supreme Court of Ohio states that an operator of a motor vehicle violates the assured clear distance rule "if he drives at such speed that he collides with a reasonably discernible object (1) which is located ahead of him in his lane of travel and which object is (a) static or stationary * * *."

The court in the McFadden case, 156 Ohio St. at page 435, 103 N.E.2d at page 388, then continues as follows: "* * * the requirement of showing that the object was in the path of the vehicle at a sufficient distance ahead and for sufficient time to have enabled the operator, in the exercise of ordinary care, to have stopped has been considered satisfied if the object was static or stationary, or was moving in the same direction as the operator."

Decedent, driving his tractor-trailer on a public highway, failed to see a discernible object, a freight car, which obstructed the highway. There was no testimony that decedent's assured clear distance was "suddenly cut down or les-

sened without his fault." Under Ohio law, he was therefore contributorily negligent as a matter of law.

The determination of the District Court is affirmed.