Matthias, J.
The single issue presented in this case is whether, where three motor vehicles are proceeding in the same direction in the same lane of traffic, the sudden stopping of the first car, causing the car immediately following it to swerve so as to pass it on the right, creates a sudden emergency which will relieve the operator of the third car from compliance with . the assured-clear-distance-ahead statute in relation to the first car.
This case once again brings before us for consideration Section 4511.21, Revised Code, relating to the assured-clear-distance rule and which reads in part as follows:
“No person shall operate a motor vehicle, trackless trolley, or streetcar in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard *226 to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.”
It has long been held that this section creates a specific requirement of law, the violation of which constitutes negligence per se. Skinner v. Pennsylvania Rd. Co., 127 Ohio St., 69; and Gumley, Admr., v. Cowman, 129 Ohio St., 36. The only defense which may be made to a violation of this section is that such assured clear distance was suddenly cut down or lessened by the entrance into the driver’s line of travel of some obstruction which rendered him unable, in the exercise of ordinary care, to avoid colliding with such obstruction. Smiley v. Arrow Spring Bed Co., 138 Ohio St., 81.
In other words, a driver must operate his vehicle in such manner that he can bring it to a stop without colliding with any discernible object in his line of travel, the only exception thereto being where the distance is suddenly cut down by the interjection of an object into his path so that he cannot avoid such object.
There is no question that a driver is under a duty to so operate his vehicle that he can bring it to a stop if a car immediately in front of him comes to a sudden stop. Higbee Co. v. Lindemann, 131 Ohio St., 479.
Thus, in the present case, if the car between plaintiff and defendant, instead of swerving to avoid plaintiff’s stopped car, had itself stopped, there would be no question that defendant would have had the duty to have his car under such control that he could bring it to a stop without colliding with the middle car, and his failure to do so would have constituted a violation of the assured-clear-distance statute. Defendant was obligated to maintain an assured clear distance between his car and the car immediately in front of him, and it was his duty to be able to stop within such distance.
Clearly, since defendant was under the duty to have his car under such control that he could stop if the car immediately in front of him came to a sudden stop, the swerving by the driver of such car out of its lane of traffic to avoid a car which *227 came to a stop in front of him did not create such a sudden emergency or a cutting down of the assured clear distance in relation to plaintiff’s stopped car as would relieve defendant from compliance with the assured-clear-distance statute. In fact when the middle car swerved out of line the distance between the car operated by defendant and the car immediately ahead was increased.
Where three motor vehicles are proceeding in the same direction in the same lane of traffic, the fact that the first car comes to a sudden stop causing the second car to swerve out of its lane of traffic does not create a sudden emergency as to the third car so as to relieve the driver thereof from compliance with the assured-clear-distance statute in relation to the stopped first car.
The trial judge by his instruction interjected the issue of sudden emergency into this case, where such did not exist, thereby creating prejudicial error as to the plaintiff.
The judgment of the Court of Appeals is, therefore, affirmed, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

Judgment affirmed.

Taut, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.