William B. Brown, J.
The main issue raised by this cause is whether the trial court, in directing a verdict against the appellee, properly ruled that the appellee was negligent as a matter of law because he violated Ohio’s assured-clear-distance statute, R. C. 4511.21, by colliding with a * ‘ discernible ’ ’ object.
R. C. 4511.21 provides in pertinent part:
“* * * no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.”
Appellant argues that the trial court properly granted its motion for a directed verdict because (1) the judicial gloss given R. C. 4511.21 by this court implies that “collision equals violation” of the assured-clear-distance statute; and because (2) the hole which appellee drove into was “substantial” and, therefore, reasonable minds could not differ as to its discernibility.
Appellant’s first argument is not well-taken. Although this court held in Skinner v. Pennsylvania Bd. Co. (1933), 127 Ohio St. 69, that the assured-clear-distance statute is a “specific requirement of law, a violation of which constitutes negligence per se,” we have not found that collision equals violation of R. C. 4511.21 in every case. Violation of the statute and a finding of negligence per se depends on whether there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver’s path, and (4) was reasonably discernible. McFadden v. Elmer C. Breuer Trans. Co. (1952), 156 Ohio St. 430.[1] Since the appellee ran into a stationary object which *8 was in his path of travel, the main question in this cause is whether that object was ‘ ‘ reasonably discernible; ’ ’
Appellant’s second argument, that it would be “impossible for reasonable minds to differ as to the discernibility of this hole” because it “was not merely a hole'” but an “entire section of a-lane of travel * * * 12 feet long, 6 feet wide and 3 feet deep,” attempts to obtain the results of opinions of this court which, for purposes of the assured-clear-distance statute, held such large objects as an unlit truck and an unlit, .mud-spattered automobile discernible as a matter of law. Gumley v. Cowman (1934), 129 Ohio St. 36; Kormos v. Cleveland Retail Credit Men’s Co. (1936), 131 Ohio St. 471.
The rationale behind those opinions which appellant appears to adopt is best articulated in the Kormos opinion, which states, at page 476:
“The automobile in the instant case was a substantial object and, whether mud-spattered or otherwise, whether driven or parked, was an object which should have been discernible by the plaintiff below.”
Because the plaintiff in the Kormos case was unable to explain his inability to see the parked car within the 200-foot range of his headlights, the court’s reliance on the car’s substantiality in holding it discernible was probably not misplaced. However, the substantiality of an *9 object alone, is not sufficient to. direct a. verdict for the appellant if there is sufficient evidence for reasonable men to reach different conclusions as to the object’s actual discernibility. For instance, in McFadden, supra, we refused to rule a three-foot-high, 13,000-pound roll of steel discernible per se on the basis of its size and shape. Instead, following Pennsylvania and Iowa cases,[2] we held the discernibility of the steel to be a jury question because there was conflicting testimony addressed to the object’s actual visibility — whether the roll was lighter, darker or the same color as the highway — about which reasonable minds could differ.
That the discernibility of an object, regardless of its size, should be a jury question where the evidence of discernibility is sufficient to make reasonable persons disagree is supported by policy reasons and the holdings of other jurisdictions as well. To begin with, the goals of the tort system are probably better served by a jury determination of the facts than by judge-made determinations of law.
Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law. As Dean Prosser says, in doubtful cases questions should be sent to the jury “because the public insists that its conduct be judged in part by the man in the street rather than by lawyers, and the jury serves as a shock absorber to cushion the impact of the law.”[3]
Furthermore,. as the policy reasons behind holding drivers negligent per se for collisions have become less compelling over the years,[4] virtually all other states, wheth *10 er their assured-clear-distance rules are statutory or judge made, have held discernibility to be a jury question.[5]
For the foregoing reasons, we hold that whether an object is discernible under a given set of circumstances is a question of fact, and, when reasonable minds could reach different conclusions from the evidence presented upon the question, a motion for a directed verdict upon that basis should be overruled.
Our next question is whether the trial court erred in directing a verdict for the appellant construction company, or whether there was, as the appellate court found, sufficient, conflicting evidence as to the discernibility of the hole to send the issue of discernibility to the jury. "When a court rules upon a motion for a directed verdict, it must construe the evidence most strongly in favor of the party against whom the motion is made and reserve for the jury any questions of fact about which “reasonable minds may reach different conclusions.” Hamden Lodge v. Ohio Fuel Gas Co. (1934), 127 Ohio St. 469, paragraphs three and four of the syllabus.
*11 Evidence was introduced at the trial that the hole was shaped like a section of pavement and that the appellee did not see the hole until he was practically in it. Certainly reasonable persons could conclude that the regularity and size of the hole might make it less, rather than more, discernible and they could agree with appellee’s attorney that “[t]he fact that an entire section of the highway had been removed is precisely why the appellee could not discern the hole.” Given the evidence we find no reason to question the appellate court’s determination that the diseernibility of the hole was a question for the jury.[6] The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Herbert, Celebrezze and P. Brown, JJ., concur.
O’Neill,, C. J., Corrigan and Stern, JJ., dissent.

 If a driver falls within the excuses for collision mentioned in the McFadden decision, then he is found to have violated R. C. 4511.21, and escapes being held negligent per se. The limitations on the “collision equals violation” rule of R. C. 4511.21 fall into two basic categories. *8 The first was announced in paragraph two of the syllabus, in Gumley v. Cowman (1934), 129 Ohio St. 36, as follows:
“The present legislative requirement establishes a subjective test whereby a driver is prohibited from operating any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the distance at which he can see a discernible object obstructing his path.” (Emphasis added.) The second, broader limitation was first formulated in paragraph three of the syllabus in Kormos v. Cleveland Retail Credit Men’s Co. (1936), 131 Ohio St. 471, which provides:
“An operator who has failed to comply with the ‘assured clear distance’ statute may * * * avoid the legal imputation of negligence per se by establishing that, without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible.”

 Blowers v. Waterloo, Cedar Falls & Northern Ry. Co. (1943), 233 Iowa 258, 8 N. W. 2d 751; Colonial Trust Co. v. Elmer C. Breuer, Inc. (1949), 363 Pa. 101, 69 A. 2d 126.

 See Prosser, Law of Torts (4 Ed.), Section 37.

 The assured-clear-distance rule was first applied in 1909 (see Lauson v. Fond Du Lac [1909], 141 Wis. 57, 123 N. W. 629) when automobiles were a threat and accidents involving collisions between cars *10 and unlighted horse-drawn vehicles were so common that some counties outlawed automotive traffic altogether between dusk and dawn. See Thrasher, infra, at page 449, and Nixon, Changing Rules of Liability in Automobile Accident Litigation, 3 Law & Contemp. Prob. 476, 479 (1936). Now, when automobiles dominate highway traffic (there are over four times as many registered vehicles in the state of Ohio now as there were 40 years ago when the Kormos opinion was decided) motorists need protection from slowly-moving or static obstacles in the path of travel. Although there have been legislative attempts to effect that protection by requiring stopped, slowly-moving or commercial vehicles to display special lighting (R. C. 4513.10, 4513.07 and 4513.11), those legislative attempts may be undermined, in individual situations, by the holdings of early cases holding certain types of improperly lighted vehicles to be discernible per se. See also Prosser, Law of Torts, supra, 189-190, Section 35.

 Tacie v. White Motor Co. (1962), 368 Mich. 521, 118 N. W. 2d 479; Knaus Truck Lines v. Commercial Freight Lines (1947), 238 Iowa 1356, 29 N. W. 2d 204; Thrasher, Discernible Objects and Sudden Foreshortening: Judicial Gloss on the Ohio Assured-Clear-Distance-Ahead Statute, 36 Cin. L. Rev. 449, 452-453.

 See State v. Strozier (1972), 32 Ohio St. 2d 62, 64.