Stern, J.,
dissenting. R. C. 4511.21 imposes upon each driver the mandatory duty to maintain an assured clear distance ahead. Whatever the policy considerations which might be cited to mitigate this duty, because of changes in the condition of highways and automobiles over the years and the enactment of other safety statutes, the fact remains that this principle has been law in Ohio for over forty years. It imposes a strict standard upon each driver, but not an impossible one. This court has recognized that “situations may arise and collisions occur which provide legal excuses to the person charged with the violation of a statute” (Kormos v. Cleveland Retail Credit Men’s Co. [1936], 131 Ohio St. 471, 475, 3 N. E. 2d 427), and has held in paragraphs one and two of the syllabus in Hangen v. Hadfield (1939), 135 Ohio St. 281, 20 N. E. 2d 715, that:
“1. Under the language of Section 12603, General Code, providing that no person shall drive any motor ve *12 hide in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the assured clear distance ahead, the questions of proximate cause and negligence on the part of such driver must, under proper circumstances, be submitted to the jury.
“2. A driver who has failed to comply with these provisions of Section 12603, General Code, may excuse such failure and avoid the legal imputation of negligence per se by establishing that, without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible. (Paragraph 3 of. the syllabus in the case of Kormos v. Cleveland Retail Credit Men’s Co., 131 Ohio St. 471, approved and followed.)”
In any case of a collision, an issue may be presented as to whether the object struck was discernible. I do not disagree with the holding of the court that this may be a matter of fact for the jury in a proper case, but I do not believe this is such a case. In prior decisions, this court has, in effect, applied a relatively objective test, holding that under the facts of the particular case, and absent a legal excuse, a driver had a duty to watch out for and maintain an assured clear distance from an object such as a mud-spattered car, Kormos, supra; a truck, Smiley v. Arrow Spring Bed. Co. (1941), 138 Ohio St. 81, 33 N. E. 2d 3; a pedestrian moving slowly across a well-lighted street, Glasco v. Mendelman (1944), 143 Ohio St. 649, 56 N. E. 2d 210; and a train, Skinner v. Pennsylvania Rd. Co. (1933), 127 Ohio St. 69, 186 N. E. 722. Where there is conflicting evidence concerning the discernibility of an object, the issue becomes a matter for the jury. McFadden v. Elmer C. Breuer Trans. Co. (1952), 156 Ohio St. 430, 103 N. E. 2d 385. In this, as in other negligence cases, the facts and circumstances of the ease, weighed in light of observation and experience, must direct the ruling of the court. But where there is no real dispute concerning the facts, and no valid claim of legal excuse or emergency, the question of whether an object was one which a driver has a legal duty to> *13 watch out for-and observe will generally be a question of law* It is no defense that one failed to see what any, careful driver should have seen, and as á matter of elementary common sense any driver upon Ohio’s roads and highways should ordinarily see such substantial objects as autos, trains, and trucks, if the duty imposed by R. C. 4511.21 is to have any effective meaning.
In this case, the hole into which the plaintiff drove was twelve-feet long, six-feet wide, and 18 to 36 inches deep. There is no factual dispute about the dimensions of the hole, and it is of no relevance that the night' was dark, rainy, and misty, for the effect of those factors is to réquire that the driver reduce his speed to maintain'-the assured clear distance required by the statute. No other legal excuse is suggested. The question is simply whether the trial court erred in finding that an excavation of this size can be considered discernible as a matter of law, and it is difficult for me to perceive how any motorist driving with the care required of him by the statute could fail to see such an obstacle in his path. Upon the facts of this case, I would reverse the judgment of the Court of Appeals, and reinstate the judgment of the trial court.
0’NeilIi, C. J., and Corrigan, J., concur in the foreging dissenting opinion.