I concur with the majority's handling of appellant's first and second assignments of error. I dissent from the majority's analysis of appellant's third assignment of error.
This assignment presents a classic example of paired opposites that are so often present in the law. On one hand, pedestrians crossing a roadway (outside of a crosswalk) shall yield the right of way to vehicular traffic. Yet, on the other hand, a driver must exercise due care to avoid colliding with a pedestrian on the roadway. R.C. 4511.48.
The majority, citing Markley v. Knutson, supra, holds that the test is not when appellee should have discovered the danger, but what action was taken when the danger was, in fact discovered. In my view, it is wrong to apply that test on summary judgment to the facts before us. The law the majority cites evolved from an abrupt interference with a driver's assured clear distance. Lumaye v. Johnson, supra (pick-up truck blows a posted stop sign and strikes a car lawfully traveling through the intersection); Markley v. Knutson, supra (five year old child retrieves newspaper from box across the street and crosses in front of oncoming car). In such cases, the law does not impose a duty upon a driver to look for those potential dangers that may suddenly reduce one's assured clear distance. The duty is to react once the driver becomes aware that his or her right of way has been violated.
Such is not the situation here. Appellee, in the present case, turned right into the curb lane of a major highway. She then proceeded to immediately move into the left lane[1] — the lane Ferguson was in when he was struck. She was looking at her speedometer when her front seat passenger warned her to look out. She simply failed to see Ferguson, even though it was daytime and the road conditions optimal.
The facts in this case are remarkably similar to those in Glasco v. Mendleman (1944), 143 Ohio St. 649. There, the Ohio Supreme Court concluded that it was proper for the jury to decide the issue of whether "* * * in the exercise of ordinary care [the defendant] should have seen [the plaintiff] crossing Livingston Avenue. * * *" Id. at 654. In this case, like Glasco, there exist genuine issues of material fact that cannot be resolved on summary judgment. I would reverse and remand for further proceedings.
[1] R.C. 4511.33 provides:
 "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 "(A) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
"* * *."